(Decided 15th December, 1876.)

# FRANCIS B. LONEY *vs.* GEORGE BAYLY and WILLIAM M. CALDWELL.

*The acceptance of a Dividend of Partnership assets, will not prevent the Creditor so accepting, from proceeding against one of the Partners individually for the balance of his claim.*

Under a conveyance *of all a debtor's property* for the benefit of creditors, upon condition that they shall execute releases, if a creditor comes in and accepts his proportion of the fund he will be bound by the conditions of the deed.

But such a conveyance must embrace *all the debtor's property*, both partnership and individual.

An assignment of mere partnership property on condition that the creditors shall execute releases, is not binding on them.

Upon the petition of one of the parties, a receiver was appointed to take charge of the partnership assets of the firm of L. & Co.; and he reported to the Court an offer of purchase of the partnership assets. Certain creditors united in a request that the offer should be accepted, and in consideration of its acceptance and of their *pro rata* share of the dividends thereunder, they *agreed and covenanted under seal to release the firm from all indebtedness.* The offer was accepted and in pursuance of an order of notice by the Court, B. & C. who did not sign the agreement to release, filed their claim and received a dividend thereon. HELD:

1st. That the fund thus derived from the sale of the partnership property being in a Court of equity for distribution, *all the creditors of L. & Co.*, had the right to claim their proportion thereof, and it was not in the power

either of the *assenting creditors*, or *the partners themselves*, or *of the Court*, or *all combined*, to require creditors to execute releases as a condition upon which they should be permitted to participate in the distribution.

2nd. That a condition annexed by one of the partners to his assent to the sale, that the creditors should release the firm from all indebtedness, was one that he had no right to dictate.

3rd. That the doctrine of equitable estoppel would prevent the non-releasing creditors after filing their claim and receiving a dividend thereon, from denying the validity of the sale made by the receiver, but they were not bound by conditions to which other creditors assented, and which they had no right to impose except upon themselves.

APPEAL from the Circuit Court of Baltimore City.

The bill in this case was filed by the appellant against the appellees as judgment creditors, to restrain by injunction, their proceeding with the further execution of said judgment. The injunction was issued as prayed. The facts of the case are sufficiently stated in the opinion of this Court. The Court below, (PINKNEY, J.,) upon motion to dissolve, passed an order dissolving the injunction; and from this order the complainant appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*B. C. Barroll,* for the appellant.

*E. Otis Hinkley,* for the appellees.

ROBINSON, J. delivered the opinion of the Court.

We agree with the Court below, that the decision in the former appeal between the parties to this record, 43 *Md.,* 10, is conclusive as to the questions before us.

In that case, it was held, that the acceptance by the appellees, of their *pro rata* dividend, under the receiver's sale, constituted no bar in an action at law, to the recovery of the balance due on their claim.

The Court said, they had a perfect right to receive this dividend, and that such receipt and payment of part of their claim imposed upon them no obligation, either legal or moral, to release the appellant from the payment of the balance due on said claim.

Now the whole equity of the complainant's bill, is founded upon what this Court has said, the appellees had a *perfect right* to do, namely, to file their claim and accept the dividend thereon under the receiver's sale. If this be so, we are at a loss to imagine upon what principle the appellant is entitled to the relief prayed.

It is insisted, however, that the proceedings under which the partnership assets were sold, must be treated as a sale under a creditors' bill, and that by the acceptance of the dividend thereunder, the appellees must be considered as assenting to the terms and conditions in pursuance of which the sale was made. It is true that under a conveyance *of all the debtor's property*, for the benefit of creditors, upon condition that they shall execute releases, if a creditor comes in and accepts his proportion of the fund, he will be bound by the conditions of the deed. But such a conveyance must embrace *all the debtor's property*, not only his partnership, but also his individual property, because the creditor has the right to resort to both for the payment of his debt. But it is hardly necessary to say, that an assignment of mere partnership property, on condition that the creditors shall execute releases, is not binding on them. Now what are the facts in this case? Upon the petition of one of the partners, a receiver was appointed to take charge of the partnership assets of Loney & Co. and he reports to the Court an offer from a third party of sixty thousand dollars for the stock of goods, and debts owing to the firm. Certain creditors unite in a request to the Court that the offer thus made be accepted, and in consideration of its acceptance, and their *pro rata* share of the dividends there-

under, *they agree and covenant under seal to release the firm from all indebtedness.* The offer is accepted, and in pursuance of an order of notice by the Court, the appellees, who did not sign the agreement to release, file their claim, and receive the dividend thereon. The fund thus derived from the sale of the partnership property being in a Court of equity for distribution, *all the creditors of Loney & Co.* had the right to claim their proportion thereof; and it was not in the power either of the *assenting creditors* or *the partners themselves*, or *of the Court*, or *all combined*, to require creditors to execute releases as a condition upon which they should be permitted to participate in the distribution.

But then again, it was said that the appellant, one of the partners, agreed that the receiver should sell upon the express condition that the creditors should release the firm from all indebtedness. The plain answer to this is, that he had no right to dictate such terms to creditors. The law goes quite far enough, when it permits a debtor to exact releases upon the conveyance *of all his property;* he certainly has no right to make this exaction upon the conveyance of his interest in partnership property.

In regard to the doctrine of equitable estoppel so strongly pressed in argument, the authorities relied on go to this extent, that where a party comes in and claims a benefit under a sale, he will not be permitted to impeach the validity of such sale. *Moale vs. Buchanan,* 11 *G. & J.,* 314; *Jones vs. Horsey,* 4 *Md.,* 306; *Lanahan, et al. vs. Latrobe,* 7 *Md.,* 268.

So here the appellees having filed their claim and received the dividend thereon, they are estopped from denying the validity of the sale made by the receiver, but they are not bound by conditions to which other creditors assented, and which they had no right to impose except upon themselves.

For these reasons the order dissolving the injunction will be affirmed and the bill dismissed.

*Order affirmed, and*
*bill dismissed.*

(Decided 21st December, 1876.)