RICHARDS & WHITING, Appellants, *vs.* MAURICE WHITE, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Maurice White assigned his property for the benefit of his creditors, with the ordinary provision that any surplus, after paying the debts, should be paid over to him.  One of the creditors sued White on notes, and attached the assigned property, alleging the assignment to be fraudulent as the reason for the issuing of the attachment.  On a motion to vacate the writ, it appeared from the opposing affidavits that the Plaintiff had received benefits under the assignment.  *Held*, 1st— That an assignor for the benefit of creditors, with a resulting trust to himself, has such an interest in the assigned estate as will entitle him to defend it against seizure for his debts by attaching creditors.  2d—Where an attachment is issued against the property of a debtor on the ground that he has made a fraudulent assignment, and it appears on a motion to vacate the attachment, that the attaching creditor has affirmed the assignment by receiving benefits under it, the writ will be vacated.  3d—When the moving papers do not disclose the fact of benefits having been received under the assignment, and the fact is made apparent by the opposing affidavits, the moving party can avail himself of the fact.

Points and Authorities for Appellants.

Appeal from an order vacating an attachment.

I.—The order is erroneous and against law.

II.—The Defendant, White, did not show himself damaged by the writ, and could not move to vacate the same, and all proceedings thereunder. 13 *How. p.* 350.

III.—The Court below find that the writ was granted upon a sufficient affidavit, and that it was true, and could not then vacate the writ. *Comp. Stat. p.* 572–3; 7 *Barb.* 656.

IV.—The Court should not have attempted to try the merits of the action of replevin between the sheriff and Kilpatrick, upon this motion. 10 *How. p.* 1, 7; 5 *Minn.* 69.

V.—The Plaintiff did not consent to the assignment, and consent is not specified in the motion papers as a ground of moving. *Bur. on Assignments,* 1 *Ed. p.* 406; 13 *Wend.* 240; 6 *Paige,* 577; 7 *How.* 277.

VI.—The Defendant, upon his motion papers, took issue upon the fact of fraud, and the Court below found the fact for the Plaintiffs.

VII.—The evidence does not raise any estopel *in pais* against the Plaintiff, in favor of the Defendant or any one. 1 *Minn.* 450 ; 4 *Minn.* 222; 13 *Wend.* 178, 204–5; 3 *Hill,* 315, 319 ;6 *Ald. & Ellis,* 475; 8 *Wend.* 480 ;9 *Cow.* 277; 16 *Maine,* 146 ;4 *Minn.* 282; *Smith's Lead. Cases, Duchess of Kingston's case,* 100.

Points and Authorities for Respondent.

I.—Defendant could make the motion. The writ had been levied upon some property which had been assigned by Defendant for the benefit of his creditors ; and when the motion was made and granted, the writ was still in the hands of the sheriff, liable to be levied upon the property of Defendant. Defendant had sustained both actual and legal prejudice.

II.—Where Courts have jurisdiction, regularity of their proceedings will be presumed, and it is for the party alleging irregularity to establish it. So when a cause is removed to an Appellate Court, all the proceedings touching the irregularity complained of, must be returned, else the Appellate Court will presume that proceedings or testimony not returned

caused the error apparent on the proceedings returned. From the finding of the Court and the order appealed from, it appears that there was oral testimony taken on the motion, which oral testimony has not been reduced to a case and returned.

III.—If, however, the Court take as the facts established on the motion, those stated in the decision of the Court below, and trust the statement of the Court below as a finding of the facts, then the Plaintiffs were estopped from claiming the assignment to be fraudulent. As to them the assignment was made in good faith, because the Court find that the Plaintiffs not only knew of all the facts connected with the execution of the assignment and the intent (whatever it was) with which it was executed, but treated with the assignee for a part of the proceeds to arise from sales of the assigned property, and actually received a part of said proceeds. After that they are estopped to say the assignment was void. *Burrill on Assignments,* 2d *Ed.* 447; *Ames vs. Blunt,* 5 *Paige,* 13; *Mills vs. Argall,* 6 *Paige,* 577; *Bradford vs. Tappan,* 11 *Pick.,* 76; *Howe vs. Henriques,* 13 *Wendell,* 240; 7 *Howard,* (*U. S.*) 277.

The objection that the notice of motion does not expressly state the facts constituting the estoppel as a ground of the motion, is well disposed of by the reasoning in the decision of the Court below. The statement of the grounds of motion in the notice cannot be construed more strictly than pleadings. And this Court has held that in pleading, the party need not set forth the facts constituting the estoppel; but may allege as a fact that with respect to which his adversary is estopped, and prove such to be a fact by the estoppel.

Besides, the motion papers do fully set forth all the facts constituting the estoppel, except the treaty of Plaintiffs with the assignee for benefits under the assignment, and the receipt by Plaintiffs of such benefits; and those facts the Plaintiffs prove in their affidavit opposed to the motion.

BRISBIN & WARNER, Counsel for Appellant.

OSCAR STEPHENSON, and J. & C. D. GILFILLAN, Counsel for Respondent.

` By the Court—FLANDRAU, J.—Suit was commenced by Richard & Whiting against White upon several promissory notes, and an attachment issued against the property of the Defendant, on the ground that he had disposed of his property with intent to defraud his creditors. A motion was made by the Defendant to set aside the attachment, on the grounds as stated in the notice, that the affidavit on which it issued was insufficient and false. The motion was based upon an affidavit of the Defendant, and the files in the cause. The affidavit of the Defendant alleged that the Plaintiffs knew of the assignment, advised it and consented to it. The motion was opposed upon affidavits, one of which was made by the Plaintiff, Whiting, from which it appears that the Plaintiffs did know of the assignment, and consented to it, or rather agreed not to take legal proceedings against it if the Defendant would remit to them, at New York, the sum of one hundred dollars a week until their debt was paid, to which agreement the assignee also consented, and under which agreement the Defendant remitted and the Plaintiffs received the sum of three hundred dollars. The Court below set aside the attachment on the ground that the Plaintiffs having received benefits under the assignment, could not be permitted to assert that it was fraudulent.

It is objected that the attachment having been levied upon the assigned property, and not the property of the Defendant, White, he was not damaged, and could not move to set it aside. We think an assignor for the benefit of creditors, has such an interest in the assigned estate, as to entitle him to defend it when attached for his debts. The assignment is not absolute, but in trust, and with a resulting interest in the assignor after the payment of the debts. But aside from this, at the time the motion was made, the attachment was outstanding against the property of the Defendant, and if improperly issued, he had the right to relieve himself against it by motion to vacate, at any time within the time allowed by statute before return of no property found, after which, of course, it would be no damage to him.

It is also objected that the Defendant having moved for

specific causes stated in the notice of motion, can urge his application upon no other. This point has some qualifications. If there was no appearance upon the part of the Plaintiff to oppose the motion, of course the Defendant would be confined to his moving papers. In this case the papers for the motion say nothing about the Plaintiffs having received benefits under the assignment. This feature of the case is disclosed by the affidavit of the Plaintiff Whitney and the letters attached to it. Now suppose this had been a suit instituted directly to set aside an assignment, and specific facts had been alleged in the complaint as a foundation for the action, the Plaintiff would be confined to proof of such facts, had they been merely put in issue by the Defendant; but if the Defendant in his answer or in his proof, should disclose a state of facts of a different nature from those relied upon by the Plaintiff, but of a character entitling the Plaintiff to judgment, had he alleged and proved them, can there be any doubt that the Plaintiff would be allowed the advantage of them, either upon motion upon the pleadings, if disclosed by the answer, or before the Court or jury if elicited by the evidence? And why should there be any difference on a motion of this character? The moving party makes his case in his papers. The opposing party answers and alleges a state of facts that would have entitled his adversary to the relief he seeks, had he established them himself; may he not take advantage of the point thus made for him? It is difficult to see why he should not. We think he may.

The affidavit of Whitney shows a clear ratification of the assignment by the Plaintiffs in receiving benefits under it, and brings the Plaintiffs within the principle recognized in the case of *Lemay vs. Bibeau*, 2 *Minn. R.*, 291, which would prevent them from attacking it for fraud.

It seems that the assignee of the Defendant has commenced an action against the sheriff for the recovery of the property seized by the attachment, and the Plaintiff objects that to hold him estopped from assailing the validity of the assignment in this proceeding, is virtually deciding the replevin suit between the sheriff and the assignee, against the sheriff. It may be that the same facts that would necessitate the set-

ting aside of this attachment, would give the assignee an action against the sheriff for seizing the property on the attachment; but that presents no reason why they should not be used in both cases. The decision in this motion could not be used in the suit between the assignee and the sheriff as making those facts *res judicata*, because the action would be between different parties, and the issue may not be made at all in that action.

We are referred to the case of *Davidson vs. Owens*, 5 *Min. R.*, 69, as an authority that this matter cannot be set up on a motion. That case holds, that on a motion to vacate an attachment, the Court will not try the question whether the Plaintiff has, or has not, a cause of action in the case in which the attachment is issued. It differs from the present motion in this. Here the validity or invalidity of the assignment has no connection with the Plaintiffs' cause of action, but arises in a collateral issue as to whether the Plaintiff may appropriate this particular property to the satisfaction of his judgment. The attachment issues upon the ground that the Defendant has made a fraudulent disposition of his property. On the motion to vacate the writ, it appears that the Plaintiff has by his acts made the assignment valid so far as he is concerned, and by the Plaintiffs' own showing. This matter has nothing to do with the Plaintiffs' cause of action in the principal suit. It may be shown on motion. The grounds upon which the writ issued being successfully refuted, the writ should fall.

Order vacating attachment affirmed.