McAdajm, C. J.
The judgment creditor herein, in pursuance of notice to creditors, came in and proved his claim against the judgment debtor in the general assignment proceedings, and having availed himself of the provisions of *298 the general assignment act, he has elected to join in aid of the purpose of the assignment, which is the bringing in and distributing of the assigned property, according to the terms of the assignment. Matter of Holbrook, 99 N. Y., 539, 546. Creditors have an election as to which course they will pursue. They cannot pursue both. Creditors cannot in one-moment take steps in recognition of the assignment and in the line of its strict enforcement according to its terms and seek to hold the assignee to its performance, and in the-next repudiate it as fraudulent and void. Cavanagh v. Morrow, 67 How. Pr., 241, 245; Rapalee v. Stewart, 27 N. Y., 310, 313.
It is an elementary rule that creditors receiving a benefit-■under an assignment become parties to it, and are estopped from afterwards impeaching it. Adlum v. Yard, 1 Rawle, 163; Burrows v. Alter, 7 Mo., 424; Rapelee v. Sewart, 27 N. Y., 311; Lanahan v. Latrobe, 7 Md., 268; Richards v. White,. 7 Minn., 345; Scott v. Edes, 3 id., 377; Valentine v. Decker, 43 Md., 583; Doub v. Barnes, 1 Md. Ch., 127; Therasson v. Hickok, 37 Vt., 454. Creditors having once made an election are concluded by it, Rodermund v. Cohen (46 N. Y., 354), and cannot revoke it. Cavanagh v. Morrow (supra); Moller v. Tuska, 87 N. Y., 166.
The plaintiff herein is barred from attacking the assignment. It is good so far as it is concerned, and whatever , property the debtor had has gone to the assignee to be administered according to his trust. The judgment creditor must therefore be limited to after acquired property, and the order dechning to so limit the examination must be-reversed, with costs.
Hyatt and Ehrlich, JJ., concurred.