GEORGE W. HORSEY, CHARLES W. MILLER, and SAMUEL BATTON, trading as HORSEY, MILLER & Co. *vs.* RICHARD B. B. CHEW, Trustee, and Terretenant.

*Deed for Benefit of Creditors — Waiver — Attorney and Client — Ratification.*

A creditor who participates in proceedings in equity for the distribution of property, sold under a deed of trust, so far makes himself a party to the deed as to waive his right to deny its validity, and must be held to have elected to surrender any lien he may have had upon the property, and to look to the proceeds of sale instead.

An attorney who has recovered judgment upon a claim he was employed to collect, cannot without express authority from his client, file such judgment as a claim in proceedings in equity for the distribution of the debtor's property, sold under a deed of trust for the benefit of creditors, and thereby waive any lien his client might have had upon such property.

Ratification by the client of the filing of the claim by the attorney, cannot be inferred from the long silence, merely, of the client, where it is not shown that he had knowledge of the facts, such silence being consistent with his legal rights, and he not having allowed his lien to expire by lapse of time.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

*Exception.*—The plaintiffs offered the two following prayers :

1. If the jury find from the evidence that the plaintiffs in this cause did not file their judgment claim in the equity suit, offered in evidence, then the plaintiffs are

entitled to recover the amount of their judgment, notwithstanding the jury may believe that the attorney of record of the plaintiffs ordered the filing of the same, or filed it himself, unless they shall further find the said attorney was authorized directly to file the same.

2. And unless the said defendant shall prove affirmatively that the said judgment in this cause mentioned, was filed by the plaintiffs, or that the plaintiffs directed their attorney to file it, the plaintiffs are entitled to recover, and there is no evidence in this cause showing that the said plaintiffs filed their claim, or directed their attorney of record to file the same in said equity proceedings.

The Court (STONE, C. J.) rejected these prayers, and instead instructed the jury as follows: "If the jury find from all the evidence in this case, that the judgment in controversy, was filed in the equity proceedings offered in evidence before them by Mr. Stephen, the attorney for the plaintiffs, or by his direction or assent, then their verdict must be for defendant; if they find it was not so filed, then their verdict must be for the plaintiffs."

The plaintiffs excepted. The jury rendered a verdict for the defendant, and judgment was entered thereon. The plaintiffs appealed.

The caused was argued before ALVEY, C. J., YELLOTT, MILLER, RITCHIE, and BRYAN, J.

*William Stanley,* and *Joseph S. Wilson,* for the appellants.

*Richard B. B. Chew,* for the appellee.

RITCHIE, J., delivered the opinion of the Court.

A *scire facias* was issued against the appellee as *terretenant* to revive a judgment recovered by the appellants in 1873, against a certain George A. Mitchell.

Horsey, Miller & Co. *vs.* Chew, Trustee, &c.

The appellee's second and fourth pleas, in substance, set up the execution by said Mitchell and wife of a deed of trust conveying to him the land described in the sheriff's return, and other property also, for the benefit of said Mitchell's creditors, the sale of which land, excepting a small parcel still awaiting a purchaser, was made by appellee as said trustee and duly reported and ratified by the Court, and the proceeds of which were distributed according to an approved auditor's report, in satisfaction of judgment claims filed in the equity proceedings according to their legal priority, to the extent of said funds; and that the judgment claim of the appellants was filed in the said suit, and they had manifested thereby their acceptance of the provisions of said deed of trust, and because of such acceptance could not maintain their said writ of *scire facias*.

To these pleas demurrers were entered, and were overruled.

It has been frequently decided, that, a creditor who participates in proceedings in equity for the distribution of property, sold under a deed of trust, so far makes himself a party to the deed as to waive his right to deny its validity, and to have elected to surrender any lien he may have had upon the property, and to look to the proceeds of sale instead. *Lanahan vs. Latrobe*, 7 *Md.*, 268; *Farmers Bank of Maryland vs. Thomas, et al.*, 37 *Md.*, 258, and same parties, 46 *Md.*, 43.

Upon the averments of these pleas that appellants had participated in said equity proceedings and filed their judgment claims therein for payment from the proceeds of sale, as the averments were taken as true by the demurrers, the Court was clearly right in sustaining the pleas. So far as the demurrers were rested on the ground that the defence was an equitable one and not pleadable at law, we think the decision in *Farmers Bank of Md. vs. Thomas*, 37 *Md.*, 258, conclusively supports it as valid at

law. In that case pleas of the same character were interposed to a *scire facias* and were demurred to. The language of the Court in referring to the position of the creditors is:

"As we have heretofore said, the appellants were not bound by the decree under which the land was sold, because they were not made parties to the suit. They could have stood out and have enforced the payment of their judgment as against the land in the hands of the purchasers, provided their lien was superior to that under which the property was sold. But if instead of doing this, they voluntarily became parties to the proceedings under which the land was sold, and sought payment of their claim out of the purchase money paid by these appellees, every principle of equity and good faith requires that they should be estopped from afterwards enforcing payment of the same against the land."

In the case between the same parties in 46 *Md.*, 54, the Court in referring to the former case say:

"That case was decided by this Court upon the pleadings alone, and it was held, upon the assumption of the truth of the allegations of the plea, that the plaintiff would be bound by the proceedings in equity, and estopped from enforcing the lien of its judgment against the land, the proceeds of which it had sought to have applied to the satisfaction of the judgment."

Upon the proof, however, to sustain the averment that the appellants had filed their claim in the equity case and thus accepted the provisions of the deed of trust, no acts of the appellants in proper person were shown; but the evidence to support the plea was that the attorney of plaintiffs in the suit in which the judgment was recovered had authorized the appellee to file a copy of the judgment in the equity proceedings, with a view of participating in the proceeds of sale of said property under said deed of trust; and that the short copy filed showed a *fieri facias* had been issued thereon and returned *nulla bona.*

Horsey, Miller & Co. *vs.* Chew, Trustee, &c.

On the other hand, the appellants offered evidence to show that they had not authorized said attorney nor any one else to file said judgment in said proceedings, and in fact that they had not known until within a few months before this proceeding was instituted, long after said auditor's report had been made, that any such equity proceedings had been instituted ; that the trustee, the appellee, had not been authorized by them to file said judgment, and that they had not had any communication with him on the subject.

No part of the claim had been paid from the trust fund, the same having been exhausted on the judgments having priority, so that no notice could have been derived by plaintiffs from the receipt of money on account of their claim ; and there was no proof whatever of any authority from the plaintiffs to the attorney to file the judgment, nor any evidence of any knowledge on their part of what had been done in the equity case.

That it was not competent for the attorney who recovered appellants' judgment to file it as a claim in the equity proceedings, and thus waive its lien, without their express authority or subsequent ratification, has been expressly decided in *Fritchey vs. Bosley*, 56 *Md.*, 97.

" It is well settled in this State," says the Court in that case, " that an attorney as such has no power to compromise claims placed in his hands for collection, or in respect to which he may be employed to recover judgment. He can take nothing in satisfaction of the claim or judgment except money, nor can he receive a less sum than is really due thereon, without the express authority of his client obtained for that purpose ; and if he assume to act without such express authority his acts in making the compromise, or agreeing to take a less sum in satisfaction than is really due, will not bind the client unless the latter, with full knowledge of all the facts, has ratified what has been done by the attorney ; though such ratification may be

inferred from acquiescence, and from the facts and circumstances of the case. These propositions are plainly laid down by this Court in the case of *Maddux vs. Bevan, et al.,* 39 *Md.,* 485; and from them it would appear clearly to follow that an attorney under the ordinary employment to collect a claim by suit, or by suing out execution on judgment recovered, cannot release or postpone the lien on the lands of the debtor, created by the judgment. And no belief on the part of the attorney however honestly entertained that the release or postponement would be for the benefit of the client, can supply the defect of authority to make such arrangement with the debtor, or others dealing with the debtor's property. *Wilson, et al. vs. Jennings, et al.,* 3 *Ohio St.,* 528."

The Court below, however, in the instruction it gave to the jury, after refusing those prayed by the plaintiffs, submitted to them solely to find whether or not the judgment claim was filed in the equity proceedings by the attorney for the plaintiffs, or by his direction or assent; thus withdrawing from their consideration, whether, if so filed by him, it was by the authority of the plaintiffs, or with their subsequent affirmance; without the finding of which they could not be concluded by the attorney's act, no warrant to file the claim being implied in his employment to appear in their behalf in the judgment suit.

In regard to the two prayers of appellants, we think they should have been granted, there being no evidence in the cause showing any previous authority to the attorney to file their claim; and no implied authority could be inferred from their long silence, merely, no knowledge of the facts having been shown, as that was consistent with their legal rights; the time within which their lien remained enforceable, if not shown to have been waived, not having elapsed.

*Judgment reversed,
and cause remanded.*

(Decided 24th June, 1886.)