# OGDEN PAINT, OIL AND GLASS COMPANY RE-. SPONDENT, *v.* WARREN G. CHILD, AND ANOTHER, APPELLANTS.[1]

1. ASSIGNMENT FOR BENEFIT OF CREDITORS.— PREFERRED CRED-
ITORS.—RIGHT TO LEVY ON ASSIGNED PROPERTY.—ESTOPPEL.—
INJUNCTION.—An insolvent corporation made an assignment of
all its property for the benefit of its creditors. Defendant, C.,
was a stockholder and director of the corporation and a pre-
ferred creditor in the deed of assignment. Ogden City Bank
was also a preferred creditor in the sum of $4,000, being the
amount of a note due the bank from the insolvent firm, on
which defendant C. was surety. The assignee sold all the
property covered by the deed of assignment at a fair valua-
tion and applied the proceeds in payment of the debt to the
bank. At the time of the assignment plaintiff was a creditor
of the insolvent firm to the amount of $600.00, for which it
afterward obtained judgment and issued execution, which was
returned partially unsatisfied. At the suit of certain attach-
ing creditors, the assignment was held void as to them, there-
upon defendant C. being also a *bona fide* creditor of the
insolvent firm to the amount of $14,000, obtained judgment
for that amount and forthwith issued execution and had the
same levied on certain personal property as property of the
insolvent firm, but which had been included in the deed of
assignment, sold by the assignee and proceeds applied in pay-
ment of the debt due the bank. The sheriff proceeded to
advertise the property for sale, whereupon the plaintiff filed
its bill and obtained a restraining order enjoining defendant
C. and the sheriff from proceeding with the sale, and upon a
hearing, the court gave judgment restraining and enjoining
the sale by the sheriff and ordered that the property be turned
over to the United States marshal to be sold and proceeds
applied to the satisfaction of the judgment of the plaintiff
against the insolvent firm. *Held, error,* in as much as a pre-
ferred creditor who has accepted a benefit under an assign-
ment subsequently declared void as to certain creditors, is not

---

[1] Petition for a rehearing denied Aug. 31, 1894.

estopped from levying an execution under a judgment thereafter obtained upon property conveyed by the assignee; and a sale thereof will not be enjoined at the instance of a judgment creditor who had never assented to the assignment but had never levied his execution upon such property. Bartch, J., *dissenting.*

2. ID.—SALE OF PERSONAL PROPERTY BY ASSIGNEE.—WHEN VALID. —A sale of personal property by an assignee under a deed of assignment not void upon its face, to an innocent purchaser in the absence of fraud, is valid and the title to the property passes to the purchaser.

3. RELIEF IN EQUITY.—POTIOR EST CONDITIO DEFENDENTIS.—In an action to restrain the execution sale of personal property, title to which has already passed by an assignee's sale, the question is not whether the defendant has any right, but whether plaintiff has any right, because a person seeking relief in a court of equity must show affirmatively, facts sufficient to entitle him to relief.

4. THE LAW FAVORS THE DILIGENT.—EQUITY FOLLOWS THE LAW. —Where the courts of law are open to litigants to pursue the ordinary remedies at law for the collection of debts, a court of equity will not interfere to prevent or obstruct the more diligent in the enforcement of his legal rights.

(No. 507. Decided July 27, 1894. 37 P. R. 734.)

APPEAL from the District Court of the Fourth Judicial District, Hon. James A. Miner, *Judge.*

Bill in equity brought by the Ogden Paint, Oil & Glass Company against Warren G. Child and another in aid of an execution. From a decree for plaintiff, defendants appeal. *Reversed.*

*Mr. T. D. Johnson* and *Messrs. Evans & Rogers,* for appellants.

Cited: *McRea* v. *Bank,* 19 How. 376; *Hardt* v. *Heidweyer,* 152 U. S. 547, 38 L. Ed. 548; *Badger* v. *Badger,* 69 U. S. 87; *Goden* v. *Kimmell,* 99 U. S. 201, 211; *Wood* v.

*Carpenter,* 101 U. S. 135, 140; *Lansdale* v. *Smith,* 106 U. S. 391, 394; *Hammond* v. *Hopkins,* 143 U. S. 224, 251; *Felix* v. *Patrick,* 145 U. S. 317, 332; *Foster* v. *Mansfield,* 146 U. S. 88. Plaintiff and defendant are each honest creditors of the insolvent firm standing upon an equal footing, and each are entitled to pursue the ordinary remedies at law for the collection of their claims and a court of chancery will not allow one creditor any advantage or preference over the other. *Day* v. *Keith,* 24 How. 352, 357; *Catlin* v. *Bank,* 6 Conn. 233; *Bank* v. *Lumber Co.,* 90 Mich. 346, 351; *Holbrock* v. *Peter,* 36 P. R. 256. The findings show that the property levied upon in this case was sold by the assignee at a fair valuation and the proceeds applied on the note to the bank. The sale by the assignee under such circumstances is valid and binding. *Price & Southwirk* v. *Rickert,* 21 Barb. 469; *Frazer* v. *Western,* 1 Barb. ch. 220. The assignment was not void because it preferred the stockholders and directors of the company, and on this ground alone respondent is not entitled to any relief as against the property assigned. *Buell* v. *Buckingham,* 85 Am. Dec. (Ia.) 516; *Bank* v. *Lumber Co., supra; Foster* v. *Millanphy,* 4 S. W. R. (Mo.) 260; *Catlin* v. *Bank, supra; Smith* v. *Skeavy,* 47 Conn. 47; *Sargeant* v. *Webster,* 13 Met. (Mass.) 497; *Howell* v. *Marshall,* 2 Am. St. Rep. (Ia.) 263; *Richwald* v. *Hotel Co.,* 106 Ill. 439; *Whitwell* v. *Warner,* 20 Vt. 425; *Hills* v. *Stockwell,* 23 Fed. 432.

*Messrs. Rhodes & Pash,* for respondent.

That as to those creditors who have acquiesced in the assignment and received benefits thereunder the assignment is valid; that the property passes to the assignee and that they cannot abandon the assignment, take judgment against the assignor and levy upon the property on execution against the assignor.

That as to those creditors who do not acquiesce in the assignment they may attack the assignment and establish that it is void as to creditors. They may treat the property as though no assignment had been made and levy an execution upon it issued directly against the assignor, and if the assignment is void they will hold the property and may sell it. *Horn* v. *Henriquez*, 13 Wend. 240; *Rapalee* v. *Stewart*, 27 N. Y. 310; *Smith* v. *Espy*, 9 N. J. Eq. 160; *Adlum* v. *Yard*, 18 Am. Dec. 608, note 621; Burrill on Ass'mts (6 ed.), p. 583. A creditor may adopt either one of two methods respecting a void assignment. *First* —He may levy attachment or execution, treating the assignment as a nullity. Burrill on Ass'mts, p. 600; *Robb* v. *Van Horn*, 150 Pa. St. 508; S. C. 24 At. Rep. 756; *Seal* v. *Duffy*, Id. 274; *Mitchell* v. *Stiles*, 13 Pa. St. 306; *Aspinwall* v. *Jones*, 17 Mo, 209. *Second*—A creditor may proceed by a bill in equity. Burrill on Ass'mts, 601.

SMITH, J.:

This cause was brought and tried in the Fourth District Court upon a bill in equity brought by respondent. The facts, as shown by the bill, and the findings of the lower court and the admission of the parties, as disclosed by the record, are that on the 31st day of December, 1891, the Consolidated Lumber Company, a domestic corporation, made an assignment of all its property to one W. J. Stephens for the benefit of its creditors. At the time of this assignment, appellant Warren G. Child was a stockholder and director of said corporation, and was made a preferred creditor in the deed of assignment. As a member of the board of directors, said Child voted for said assignment. Other creditors were preferred by said deed of assignment, among which was the Ogden State Bank, which was preferred therein in the sum of $4,000. Soon

after the assignment was executed, the assignee took possession of all the property assigned.

On the 25th day of January, 1892, the assignee sold all of the property mentioned in the deed of assignment at a fair valuation. The assignee applied the proceeds of the sale to the debt which the Consolidated Lumber Company owed to the Ogden State Bank. At that time the appellant Warren G. Child was surety upon a note given by the Consolidated Lumber Company to the Ogden State Bank, on which note the proceeds of sale were applied. Respondent, Ogden Paint, Oil & Glass Company, a domestic corporation, at the time of said assignment was a creditor of the Consolidated Lumber Company, in the sum of $600. Appellant Warren G. Child was also a *bona fide* and honest creditor of said Consolidated Lumber Company in the sum of $14,000. On the 13th day of June, 1892, the Ogden Paint, Oil & Glass Company brought a suit against the Consolidated Lumber Company for the amount due it, and afterwards, on the 27th day of June of the same year, recovered a judgment for the sum of $600 and costs. On July 12, 1892, the Ogden Paint, Oil & Glass Company caused an execution to be issued upon its judgment, which was returned unsatisfied. On the 12th day of January, 1893, it caused an alias execution to be issued upon the same judgment, which was also returned, partially unsatisfied.

On March 1, 1894, in two suits which had theretofore been pending in the fourth district court, in which W. J. Stephens, as assignee, was plaintiff, and Gilbert R. Belnap *et al.* were defendants, the court declared said assignment void as to certain creditors, who had, prior to that time, sued out attachments. On March 2, 1894, appellant Warren G. Child filed in the fourth district court a complaint against the Consolidated Lumber Company for the sum of $14,000, for which amount said Child had been preferred in said assignment, and on the same

day summons was issued and served upon the manager of the Consolidated Lumber Company. The manager of said company, since the execution of the deed of assignment, had ceased to act as such. Said manager, however, was still an officer of said company. On the same day he took the summons to attorneys who had always been acting for the Consolidated Lumber Company since its organization. Said attorneys filed an answer in that case, and admitted the indebtedness sued for. On March 3, 1894, judgment was taken in that case in favor of Warren G. Child against the Consolidated Lumber Company for the sum of $14,000. It is admitted that said sum is an honest and *bona fide* debt due and owing from said company to said Child.

On the day last mentioned an execution issued at the instance of said Child, and was placed in the hands of the sheriff of Weber county, and by him levied upon certain personal property as the property of the Consolidated Lumber Company, and which had been included in the deed of assignment, and which had previously been sold by the assignee, and the proceeds applied as aforesaid. The sheriff proceeded to advertise for sale said property, by virtue of the execution which he held. At this stage of the proceedings, and on the 10th day of March, 1894, the Ogden Paint, Oil & Glass Company filed its bill against Warren G. Child and the sheriff of Weber county, appellants in this action. Upon the filing of said bill the court below issued a restraining order to enjoin the said Warren G. Child and sheriff from proceeding with the sale under said execution. There was no claim that plaintiff had any lien on the property, or any interest in it. Upon the facts above stated, at the hearing the court below gave judgment enjoining appellant Child and the sheriff of the county from proceeding with the sale under the execution caused to be issued by said Child, and

ordered that the personal property so·levied upon by said sheriff should be levied upon by the United States marshal under an execution on the judgment of the Ogden Paint, Oil & Glass Company against the Consolidated Lumber Company; and the United States marshal was directed, under the latter execution, to sell sufficient of said property to satisfy the debt of the Ogden Paint, Oil & Glass Company. From this judgment an appeal is taken to this court.

Appellant assigns several errors for reversal, among which are: *First,* the bill and findings of fact fail to show any ground for equitable relief; *second,* that appellant and respondent were each honest creditors of the Consolidated Lumber Company, standing upon an equal footing, and that each were entitled to pursue the ordinary remedies at law for the collection of their claims; *third,* that the undisputed facts show that the property in question had been sold by the assignee at a fair valuation, and the proceeds applied upon the debt owing the Ogden State Bank; and, *fourth,* that for the purposes of the case, considering the assignment to be void, respondent had an adequate remedy at law, by attachment, judgment, and execution. Other errors are assigned, which we do not think it necessary, in this decision, to consider.

A number of these assignments of errors, if not all, might properly be discussed together. It will be observed that the Consolidated Lumber Company, on the 31st day of December, 1891, made an assignment for the benefit of its creditors; that the deed of assignment, among others, preferred appellant Warren G. Child; that afterwards, on the 25th day of January, 1892, the assignee, who had taken possession under the assignment, sold, for a fair valuation, all the property levied upon, and the proceeds of the sale were applied to the payment of a note of the

31

Consolidated Lumber Company in favor of the Ogden State Bank, on which appellant was surety. It is unnecessary for the decision in this case to discuss or decide whether the assignment was void. It is true it had been declared void in a suit wherein other creditors had attached the property subsequent to the making of the assignment; but it appears that long prior to the beginning of the action brought by the Ogden Paint, Oil & Glass Company, the property had been sold by the assignee at a fair valuation, and applied upon a debt of a creditor of the Consolidated Lumber Company. Such a sale, under an assignment not void upon its face, to an innocent purchaser, in the absence of fraud, is valid, and the title to the property passes to the purchaser. Burrill, Assignm. 417; *Pine* v. *Rikert,* 21 Barb. 469; *Frazer* v. *Western,* 1 Barb. Ch. 220.

It is, however, urged by respondent that appellant is not in a position to insist upon the validity of the sale by the assignee. It must be remembered, however, that respondent is the person who brought this bill in equity for the purpose of subjecting the property assigned to the payment of its debt; and, unless the facts in the record disclose some equity, respondent is not entitled to relief simply because appellant levied his execution upon property, the title of which had already passed by the assignee's sale. The question is not whether appellant has any right, but is, has the respondent any right? A person seeking relief in a court of equity must show affirmatively facts sufficient to entitle him to relief. Appellant did not bring his action in equity to subject the property in dispute to the payment of his debt. He was simply proceeding according to the ordinary remedies at law, in levying his execution upon certain property pursuant · to a judgment regularly obtained. If, as matter of law, the property upon which appellant levied his execution was not subject to levy, by reason of the fact that title had passed to another person

under the assignee's sale, yet such fact furnishes no reason why respondent is entitled to bring its action, and insist that a court of equity give it the relief sought, when in fact no right to equitable relief has been shown. It will also be observed that appellant and respondent were each *bona fide* creditors of the Consolidated Lumber Company; that in June, 1892, respondent brought its suit against the Consolidated Lumber Company, and secured a judgment, upon which an execution issued in July of the same year, which was returned unsatisfied; that on March 1, 1894, at the suit of other parties, the court below declared the assignment void. Thereupon, appellant brought his action, and recovered judgment against the Consolidated Lumber Company for the sum of $14,000.

On the latter judgment execution issued, and was, by the sheriff of Weber county, levied upon the property previously sold by the assignee. The sheriff of Weber county had advertised the property for sale at the judgment of appellant, when, on the 10th day of March of the same year, respondent brought this action against appellant and the sheriff to enjoin them from selling said property upon that execution. Upon the hearing the court granted an injunction restraining appellant and the sheriff from selling the same, and ordered a sale of the property under the execution of respondent. The effect of such a judgment is to say that the execution of one honest creditor can be made to supersede the execution of the other. It is equivalent to saying that honest creditors do not stand upon an equal footing. This is at variance with well-established principles. *Bank of Montreal* v. *Potts Salt & Lumber Co.,* 90 Mich. 346, 51 N. W. 512; *Catlin* v. *Bank,* 6 Conn. 233; *Day* v. *Washburn,* 24 How. 352, 357. Respondent, for a period of about two years, had failed to levy its execution upon the property in question. It did nothing until after appellant had secured his judg-

ment, and levied his execution upon the property. Even conceding—which is not necessary for the purposes of the decision—that the sale by the assignee of the property in question is void, yet the facts do not show that respondent has any equitable right to subject the property to the payment of its debt, as against the execution of Child, which had been levied upon the property prior to the time respondent brought its bill in this action. The courts of law were open to respondent. It had the right to pursue the ordinary remedies at law for the collection of its debt and the payment of its judgment. Appellant also had the right to pursue the ordinary processes in a court of law to reduce his claims to judgment, and to secure satisfaction of the same.

There is no reason shown in the bill of respondent why a court of equity should interpose and aid either respondent or appellant in the collection or satisfaction of their judgment. Each had the right to pursue the ordinary remedies at law, and neither had any lien upon or interest in the property levied upon, until after levy. If one were more diligent than the other in making any discovery of property belonging to the Consolidated Lumber Company, which might be lawfully levied upon and subjected to the payment of the judgment, it was his legal right to do so without interference from a court of equity to prevent or obstruct such diligence. The bill of respondent was not a creditors' bill, brought to declare the assignment void, or to subject the property of the Consolidated Lumber Company, *pro rata,* to the payment of all creditors alike, who might come in and be made parties to the action. It was a bill brought simply for the purpose of subordinating the execution sued out by appellant to the execution of respondent. Equity will not interfere where there is a plain, speedy, and adequate remedy at law. So far as the facts of this case show, it is clear that respondent had such a remedy, which it

was its province and right to follow. And, again, no fraud is charged or shown in making the assignment, or in the sale of the property by the assignee, except that the court, in a case in which other creditors were interested, had declared the assignment void.

No averment appears as to when any fraud, mistake, concealment, or misrepresentation was discovered, nor is there any averment of what the discovery was, or what particular discoveries had ever been made, or when they were made, or by what inquiries, or by what manner, or at what time. Such a bill does not state equitable ground for relief, and shows laches on the part of respondent sufficient to defeat a recovery. *Hardt* v. *Heidweyer*, 152 U. S. 547 (38 L. ed. 548); 14 Sup. Ct. 671; *Stearns* v. *Page*, 1 Story, 204, 215, 217, Fed. Cas. No. 13,339, which was affirmed by the supreme court of the United States (7 How. 819); *Badger* v. *Badger*, 2 Wall. 87; *Wood* v. *Carpenter*, 101 U. S. 135, 140. For aught that appears in the bill, respondent knew all the facts and circumstances connected with the assignment, and of the disposition of the property by the assignee; and yet no steps were taken by it to subject any of the property to the payment of its debt until after the execution was levied by appellant.

Attorneys for respondent contend that appellant is estopped from impeaching the assignment in which he had acquiesced by accepting the benefit of having the note on which he was surety paid out of the proceeds of the sale of the assignee to the Ogden State Bank. The well recognized principle that a person making, acquiescing, or accepting benefits under an assignment which is void, cannot impeach its validity, is invoked. This doctrine has no application in this case. It can hardly be claimed that appellant's prosecuting his claim against the Consolidated Lumber Company to judgment, and issuing an execution

for the collection of such judgment, is an impeachment of the assignment. An assignment for the benefit of creditors is not such a proceeding in bankruptcy as prohibits a creditor from proceeding at law against his debtor in the ordinary way. If the assignment is valid, it simply removes the assigned property from the reach of legal process. If invalid, it has no effect. Any creditor has the right to pursue the ordinary course at law for the collection of a debt honestly due him. The court, in another action, declared the assignment void. Surely, under these circumstances, it cannot be doubted that appellant, as an honest creditor, would have the right to reduce his claim to judgment; and, having reduced it to judgment, he has an equal right to request an execution upon it. But counsel misapply the rule which he invokes. Even if appellant had impeached the assignment, respondent could not complain. The Consolidated Lumber Company would be the only party affected, and the Ogden Paint, Oil & Glass Company, as a creditor, could not collaterally attack such impeachment for its own benefit. We are of opinion that respondent's bill, and the facts shown in the record, do not entitle respondent to any relief. The judgment of the court below is therefore reversed, with costs, with directions to dismiss respondent's bill.

MERRITT, C. J., concurs.

BARTCH, J. *(dissenting)*:

It is shown by the record that the appellant Child was director and president of the Consolidated Lumber & Milling Company; that the company was insolvent, and on the 31st day of December, 1891, made an assignment of its property for the benefit of its creditors, which assignment Child executed, was a party to it, and was made a preferred creditor therein; that the Ogden State Bank, also

a preferred creditor, held a note against the said company for $4,000, on which note Child was surety; that certain money received by the assignee, because of the assignment, was applied to the payment of his note, with the knowledge and consent of Child. The plaintiff refused to acquiesce in or receive any benefit under the assignment, and in June, 1892, brought suit, and afterwards obtained judgment against the said company; but, although several executions were issued, the judgment remained unsatisfied on the 1st day of March, 1894, when in two certain suits, in which W. J. Stephens, as assignee, was plaintiff, and Gilbert R. Belnap and Joseph Belnap were defendants, the court rendered judgment to the effect that the assignment of the Consolidated Lumber & Milling Company was void as to the creditors Curtis Bros. & Co. and Ainsly Lumber Company. The next day, March 2, 1894, Child, after having acquiesced in the assignment, so far as appears from the record, for a period of more than two years, brought suit against the company to recover the amount of the same claims which had been preferred in the deed of assignment. On the same day summons was served on one Solomon C. Stephens, who was the general manager of the company, but had not acted as such since the assignment was made. Stephens, through a law firm, after having arranged that the attorneys should appear for the company, filed an answer admitting each and every allegation contained in the complaint. On the next day, the 3d of March, service of notice of motion for judgment on the pleadings having been waived by the attorneys for the company, judgment was entered in favor of Child; and, on the same day, under his direction, execution was levied upon the property of the company, which had been included in the deed of assignment, and the property advertised for sale.

It will be observed that within two days after the ren-

dition of judgment in favor of the two creditors, declaring the assignment void as to them, Child brought his action against the company, obtained judgment, had execution levied, and the property advertised for sale. It is not necessary to comment on the mode and manner of obtaining this judgment, nor on the conduct and acts of the appellant Child, as revealed by the record. It is sufficient to say that the facts and circumstances of this case are such as to convince me that Child ought not to be permitted, for the apparent purpose of gaining an advantage over other creditors, to thus repudiate an assignment to which he was a party, in which he was preferred as a creditor, under which he had accepted a benefit, in which he had acquiesced for a long period of time, and which was presumably made under his own management and direction. While it does not appear from the record that Child received money on his preferred claim from the assignee, yet it is shown that a certain sum of money, which came into the hands of the assignee by virtue of the assignment, was applied, with the knowledge and consent of Child, in part payment of the note for which he was responsible as surety, and which he was liable to pay, because the maker was insolvent. In this way he received a substantial benefit, and, when taken in connection with his other acts and conduct revealed by the record, he was as effectually concluded from taking any action which would impeach the assignment as if he had actually accepted a dividend under it in payment of his own preferred claim. The assignment was declared void only as to those creditors who refused to come in under it, and brought their suits to set it aside. This did not include the appellant Child, for it appears that he acquiesced in it until the order was made setting it aside as to the two creditors.

When an assignment is declared fraudulent and void, it

is because its effect is to hinder and delay creditors, or to defeat them, in the collection of their just claims. If, then, it is made with the intent that it shall produce such an effect, it is void as to all creditors who do not assent to its terms; but how can it be said that a creditor who was a party to the deed of assignment, gave his consent thereto, accepted benefits thereunder, and was in possession of all the facts which led to the making of it, was defrauded? He cannot predicate a fraud of facts to which he has assented, and of which he had full knowledge; and yet this is the ground upon which he must base his relief, when, as in this case, there is no question as to the instrument being regular and valid on its face. After giving his assent to the assignment, in order to avoid its effects, a creditor must show that such assent was given under a misapprehension of the facts, and that he was deceived and misled by those in whom he had a right to rely for a true statement of them. Where, however, parties interested mutually assent to the facts which lead to the assignment, and have full knowledge of them, there can be no fraud, because fraud cannot exist where the facts on which it is predicated are equally within the knowledge of all the parties to the transaction. A creditor has the right to assent to or disaffirm an assignment, but he cannot do both. He cannot acquiesce in it so long as it suits his purpose and he is benefited thereby, and then, when other adverse rights are being established in relation to the property in the hands of the assignee, by other creditors, repudiate it, and proceed to collect his claim, the same as though no assignment had ever been made.

I think the law is well settled that where, as in this case, a creditor participates in an assignment, assents to it, and receives a benefit thereunder, with a full knowledge of all the facts which led to the making of the instrument, he is estopped from afterwards denying its

validity. And it appears to be the general doctrine in regard to fraudulent conveyances, that they are valid as between the parties and privies, and can be avoided only by the creditor of the fraudulent grantor. In Burrill on Assignments (section 503), the author, after speaking of' who may assail the assignment, says: "So creditors who have confirmed a fraudulent assignment, by receiving a benefit under it, or have become parties to it voluntarily, and with a full knowledge of all the circumstances, are estopped from afterwards impeaching it. *     *     *     * And, in general, creditors cannot claim the benefit of an assignment, and at the same time attack 'it as invalid. Thus, if a complainant claim a beneficial interest in an assignment, he is not entitled to any relief on the ground that it is fraudulent, or was intended to defraud creditors." See, also, Id. § 479. In *Pratt* v. *Adams,* 7 Paige, 615, Chancellor Walworth, speaking of voluntary assignments, said: "Creditor of the assignor, whether provided for by the assignment or not, who wishes to repudiate the trusts of the assignment on the ground that they are illegal and a fraud upon the honest creditors of the assignor, must apply to set aside the assignment as fraudulent and void against him as a creditor, instead of coming in under the assignment itself, as a preferred creditor or otherwise."

. In *Hone* v. *Henriquez,* 13 Wend. 240, Chief Justice Savage said: "The assignment now before us was declared void as to the judgment creditors who filed their bill to set it aside. But suppose those creditors had assented to the assignment as appellant Hone did. Would not they have been estopped from alleging any fraud, when, with a full knowledge of its effects, they had assented to it? It surely could not be said to have been executed with intent to delay and hinder them in the collection of their demands, when they had agreed to its terms. It is universally held, and so are all the cases, that deeds which are fraudulent

and void as to creditors are valid as between the parties. It is their agreement, deliberately entered into, and, as between them, there is no fraud. They are not permitted to say that, because it is invalid as to others, it is so as between them." In *Adlum* v. *Yard,* 1 Rawle, 163, Chief Justice Gibson, speaking for the supreme court of Pennsylvania, said: "The plaintiff might originally have repudiated this assignment, but, having taken a dividend under it, he shall not now question its validity. * * * Any one may waive the advantage of a law introduced for his own benefit, and I cannot imagine why creditors may not ratify a contract fraudulent only as to themselves, even in anticipation of a benefit. But where money is actually received, and on an implied condition that the receiver shall not question the title, every principle of natural justice requires that the condition should be performed." *Cavanagh* v. *Morrow,* 67 How. Pr. 241; *Ingram* v. *Hartz,* 48 Pa. St. 380; *Rapalee* v. *Stewart,* 27 N. Y. 310; *Scott* v. *Edes,* 3 Minn. 377 (Gil. 271); *Smith* v. *Espy,* 9 N. J. Eq. 160; *Therasson* v. *Hickok,* 37 Vt. 454; *Horsey* v. *Chew,* 65 Md. 555, 5 Atl. 466; *Richards* v. *White,* 7 Minn. 345 (Gil. 271). I am of the opinion that the assignment was valid as to appellant Child, and that he is estopped by his own acts from impeaching it, and from claiming rights repugnant to those acquired under it. Therefore, I do not agree with my brethren in reversing this case.