GEORGE SIMS, JR. ET UX. *v.* RYLAND
GROUP, INC.

[No. 1365, September Term, 1976.]

*Decided October 13, 1977.*

The cause was argued before THOMPSON, MOYLAN and MENCHINE, JJ.

*Steven A. Skalet* for appellants.

*Charles P. Goodell, Jr.,* for appellee.

MOYLAN, J., delivered the opinion of the Court.

On January 8, 1972, the appellants, George Sims, Jr. and his wife, Geraldine, entered into an Agreement of Sale with

the appellee, the Ryland Group, Inc., for the purchase of a home, which was then not yet fully constructed, located at 311 Tantallon Drive East, in Oxon Hill, Maryland. Prior to settlement, in September, 1972, an inspection was made of the premises by the appellants and some 39 items were found requiring correction or completion. The Ryland Group agreed to make these completions and corrections without undue delay. In reliance on this agreement, the appellants agreed to proceed to settlement. At settlement, they were furnished with a "Warranty of Completion of Construction in Substantial Conformity with Approved Plans and Specifications."

Shortly after moving into the house, in addition to the defects discovered during the presettlement inspection, the appellants discovered other defects and began experiencing other problems with the house, including periodic sewage back-up, water leakage into the basement, and a defective sump pump. Despite numerous protestations, the repairs and completions were not made to the appellants' satisfaction. As a result, they instituted suit in the Circuit Court for Prince George's County. A demurrer was sustained to their first declaration. An amended declaration was subsequently filed on September 13, 1974. The amended declaration consisted of five counts, alleging breaches of contract, breaches of warranty and fraud. The appellee demurred to Count V (fraud). Its demurrer was sustained. When the appellants did not amend their declaration, a judgment of non pros was entered. After the filing of the appellants' answers to interrogatories and the appellants' depositions, the appellee moved for partial summary judgment as to the claims for punitive damages in Counts I through IV. This motion was also granted. The case subsequently went to trial, and a jury awarded the appellants $3,700 in compensatory damages.

This appeal does not involve the trial proper but is taken only from the sustaining of the demurrer as to Count V and the granting of summary judgment as to the claims for punitive damages in Counts I through IV.

The appellants' fifth count charging fraud alleges that the appellee, in order to induce the appellants to buy a house, falsely, wrongfully and fraudulently represented to them that the house would conform to the model home which they had been shown. The appellants allege that these representations were known to be false or were made with reckless indifference to the truth or falsity thereof and that they relied on these representations. The appellants maintain that these averments in the declaration are sufficient to state a cause of action for fraud.

A promissory representation made with an existing intention not to perform is actionable for fraud. *Appel v. Hupfield*, 198 Md. 374, 84 A. 2d 94; *Loyola Fed. S. & L. Ass'n v. Galanes*, 33 Md. App. 559, 569, 365 A. 2d 580. To withstand demurrer, however, the allegation of an intention not to perform must be predicated on sufficient facts and not be phrased in merely conclusory terms.

The situation herein is analogous to that in *Edison Realty Co. v. Bauernschub*, 191 Md. 451, 62 A. 2d 354. In that case, Mr. and Mrs. Bauernschub entered into a contract on August 19, 1946, with the Edison Realty Company for the purchase of a house, when completed, at 2815 East Federal Street in Baltimore City. The Bauernschubs alleged in their bill that an agent of the company promised that the house would be completed and would contain all of the features that were contained in the sample house they had been shown. On January 15, 1947, they were informed by an agent of the corporation that the house was substantially completed and that if any items were not completed, they would be completed promptly upon settlement. Mr. and Mrs. Bauernschub were not permitted to inspect the house before settlement, but, relying upon those assurances, they settled and received a deed for the property. After settlement, they discovered that the house was not completed in accordance with the contract. After six months of futile demands upon the company to complete the house, they instituted suit against the company and its officers for specific performance of the contract or compensation in lieu thereof. The Bauernschubs alleged that the defendants had no

intention of performing the obligations when they promised to complete the house but had only made the promises to induce the Bauernschubs to pay for and accept an uncompleted house. The defendants demurred to the bill, and the chancellor overruled the demurrers. While the Court of Appeals held that the bill stated a good cause of action against the corporation for specific performance, it ruled that the demurrers of the officers should have been sustained. The Court stated, at 191 Md. 460-461:

> "However, we find no reason to overrule the demurrers of [the officers]. The amended bill does allege that [the officers] conspired in a fraud. But it is well settled that the facts constituting a fraud charged in a bill of complaints must be set forth with certainty and particularity. A general allegation of fraud, however strong in expression, is not sufficient unless there is an allegation of the facts and circumstances relied on as constituting the alleged fraud. *Boyle v. Maryland State Fair*, 150 Md. 333, 341, 134 A. 124; *Billings v. Lippel*, 184 Md. 1, 10, 40 A. 2d 62. In the instant case there are no allegations of any specific acts of fraud on the part of the individual defendants."

See also *Ace Development Co. v. Harrison*, 196 Md. 357, 76 A. 2d 566.

The appellants' allegation that the appellee's agents and employees "falsely, wrongfully, and fraudulently represented that plaintiffs' dwelling would conform to the model home they inspected" is no more than a bald allegation of fraud with no supporting facts. The use of such language with no supporting facts is insufficient to state a cause of action. The Court of Appeals in *Brack v. Evans*, 230 Md. 548, 553, 187 A. 2d 880, stated:

> "As to the fraud count in the amended declaration, we find that the demurrer was properly sustained. In this count, appellant used the words 'fraudulently misrepresented' several times,

but pleaded no facts from which the existence of fraud could be inferred. As was recognized in *Ragan v. Susquehanna Power Co.*, 157 Md. 521, 526-527, 146 Atl. 758 (1929), "* * * such words as * * * [fraudulent] are characterizations of the needed . facts rather than allegations of them. Charges of fraud are never regarded in law as sufficient unless accompanied with allegations of the facts and circumstances which constitute the fraud. * * *'."

That the Ryland Group did not build a house conforming to the specifications in the contract does not of itself support an allegation of fraud on its part. See *Tufts v. Poore*, 219 Md. 1, 10, 147 A. 2d 717. The appellee's demurrer to the fifth count was properly sustained.

With respect to the remaining contention — that the court erred in granting appellee's motion for partial summary judgment as to the claims for punitive damages in Counts I through IV — we note that, at the conclusion of the appellants' case, a directed verdict was granted as to Counts I, II and III even as to compensatory damages. Only Count IV, alleging breach of warranty, went to the jury. Compensatory damages in even a nominal amount must be awarded before any punitive damages are permissible. *Montgomery Ward & Co., Inc. v. Keulemans*, 275 Md. 441, 340 A. 2d 705; *Shell Oil Co. v. Parker*, 265 Md. 631, 644, 291 A. 2d 64; *B & B Refrigeration & Air Conditioning Service Co. v. Stander*, 263 Md. 577, 582, 284 A. 2d 244; *Kneas v. Hecht Co.*, 257 Md. 121, 262 A. 2d 518. The appellants do not appeal from the granting of a directed verdict as to Counts I, II, and III. The issue of punitive damages as to those counts, therefore, is moot. Only the issue of punitive damages as to Count IV is properly before us.

In any event, the motion for summary judgment as to punitive damages in all four counts was correctly granted. Counts I and II are captioned and allege breach of contract. Counts III and IV are captioned and allege breach of warranty. The appellants, in each count, allege that the

breach of contract or breach of warranty was "willful, wanton, malicious, and intentional" and, on this basis, seek punitive damages. It is well settled in Maryland that punitive damages cannot be awarded in a pure breach of contract case, although they are recoverable in tort actions arising out of contractual relationships where actual malice is present. *Henderson v. Maryland Nat'l Bank,* 278 Md. 514, 366 A. 2d 1; *Food Fair Stores, Inc. v. Hevey,* 275 Md. 50, 338 A. 2d 43; *H & R Block, Inc. v. Testerman,* 275 Md. 36, 338 A. 2d 48; *Siegman v. Equitable Trust Co.,* 267 Md. 309, 297 A. 2d 758; *Lawrence v. Graham,* 29 Md. App. 422, 349 A. 2d 271. Even where the breach is malicious, exemplary damages are not recoverable. 25 C.J.S., *Damages,* § 120. Since a breach of warranty is contractual in nature (see *Addressograph-Multigraph Corp. v. Zink,* 273 Md. 277, 329 A. 2d 28; *Griffith v. Scheungrab,* 219 Md. 27, 146 A. 2d 864; *Gaybis v. Palm,* 201 Md. 78, 93 A. 2d 269), it follows that punitive damages are not recoverable in a pure breach of warranty action. As to breaches of warranty under the Uniform Commercial Code, the Code makes no provision for exemplary or punitive damages but only provides for the recovery of "incidental and consequential" damages. *Annotated Code of Maryland,* Commercial Law Article, §§ 2-714 and 2-715. The motion for partial summary judgment was correctly granted.

> *Judgments affirmed; costs to be paid by appellants.*