JOSEPH ANTHONY RISPOLI, Personal Representative
of the Estate of Anthony Fred Rispoli v.
JOEL JACKSON et al.

[No. 1190, September Term, 1981.]

*Decided May 21, 1982.*

The cause was argued before LISS and BISHOP, JJ., and DAVID WILLIAM SIMPSON, Associate Judge of the District Court of Maryland for District 2, specially assigned.

*Thomas N. Biddison, Jr.,* with whom were *Gallagher, Evelius & Jones* on the brief, for appellant.

*Thomas C. Gentner,* with whom was *Samuel S. Smalkin* on the brief, for appellees.

BISHOP, J., delivered the opinion of the Court.

After pre-hearing conference upon appeal from the Circuit Court for Baltimore County, the parties agreed to the following statement of facts:

> "This case involves the suit of the parents and personal representative of the deceased minor. On January 11, 1980, the minor, Anthony Rispoli, was driving south on Interstate 95 in a van at about 5:25 P.M., in the rain, in the right-hand or slow lane just past the border between Harford and Baltimore Counties. His van came into contact with a tractor-trailer operated by the Defendant Joel Jackson and owned by the Defendant L. G. DeWitt, Inc., a North Carolina corporation, which had been southbound in the middle lane. In the course of the accident the tractor-trailer was caused to turn over onto the van so that, when the vehicles came to rest, the driver's side of the roof of the van was crushed down. Despite efforts of passersby the boy, though conscious for at least part of the time, was not able to be removed from the van, and he burned to death in a fire which gradually engulfed the van after the accident.
>
> There were three relevant counts in the declaration, the first being the statutory survivorship negligence action of the parents for wrongful death,

608

the third being the personal representative's statutory negligence claim for funeral expenses and conscious pain and suffering, and the fourth count being a claim against L. D. DeWitt, Inc., for negligent entrustment brought by the personal representative seeking punitive damages above and beyond the compensatory damages sought under the negligence counts. During the course of trial there was an admission of agency by the corporate defendant.

The central factual issue was whether the tractor-trailer came into the van's lane precipitating the accident, or whether it was the van coming into the tractor-trailer's lane which caused the occurrence. Eyewitness and accident reconstruction testimony was offered on both sides of this issue. There was no evidence that the Defendant Jackson was exceeding the 55-mile per hour speed limit or drinking alcoholic beverages at the time of the happening of the accident. The jury found for the Plaintiffs on the negligence counts."

Count IV of the Declaration which alleged negligent entrustment and claimed punitive as well as compensatory damages is the only count at issue. Pursuant to Count IV the appellees filed a motion *in limine* to prevent the appellant from making any reference to the driving record of the defendant driver, Jackson. Although admission of the driving record was crucial to the resolution of the negligent entrustment issue, the trial court granted the motion with the provision that admission of the evidence might be considered later in the trial. Toward the end of the trial, the plaintiff, out of the presence of the jury, proffered to the court the evidence to support the negligent entrustment count. The trial court ruled against the admission of the evidence. The appellant states at pages 3 and 4 of his brief that:

"The only issue on appeal is whether the trial court erred in refusing to allow into evidence Plaintiff's exhibits in the context of its proffer, the

ultimate issue being whether or not this evidence would create a prima facie case for punitive damages under the negligent entrustment cause of action.

A stipulation has been entered into limiting the record extract to those pleadings, testimony and exhibits which bear on the one issue in this case."

In ruling against the admission of the proffered records, the trial court stated:

"And in the *Curley* and [*Curley v. General Valet Service, Inc.,* 270 Md. 248, 311 A.2d 231 (1973)] we recognize that the entruster only is responsible for subsequent negligent acts of the entrustee if a reasonable man could foresee the negligent acts, and the foreseeability must be from past conduct. It must be conduct so repetitive and recurrent it makes it foreseeable. And I do not see the conduct as repetitive in this case. . . . The sole purpose of your [appellant's] interpreting this this way is to get to the jury on the basis of punitive damages, and to me there is not sufficient evidence to take this case to the jury on punitive damages."

On appeal the appellant's sole question is,

"Does Maryland law allow for the recovery of punitive damages in a negligent entrustment claim based primarily on the driving record of the entrustee, and, if so, is the driving record of the entrustee in the case at issue in the context of the Motor Carrier Safety Act sufficient to create an issue to be submitted to the jury on punitive damages? "

In his brief the appellant paraphrases his question for appellate review by stating that,

"The only issue on appeal is whether the trial court erred in refusing to allow into evidence plaintiff's exhibits in the context of its proffer, the

ultimate issue being whether or not this evidence would create a prima facie case for punitive damages under the negligent entrustment cause of action."

The appellees contend that this Court should neither answer the appellant's question nor address the merits of the appellant's "ultimate issue." The appellees, in their motion to dismiss the appeal, contend that the appeal is not allowed by law and therefore that the relief requested by the appellant cannot be provided by this Court. Because we agree with the appellees, we shall not address the merits of the appellant's appeal, but shall grant the appellees' motion to dismiss.

## Motion to Dismiss

### I. Waiver of Appeal Rights

Following trial the appellant signed a "partial release" and an order of satisfaction for all his claims except those under the negligent entrustment count. He subsequently accepted and endorsed a check from the appellees' insurer. On the face of the check was printed "The acceptance and endorsement of this draft constituted a full and final settlement of all liability and claims . . . arising from the loss or accident which occurred on or about the 11th day of Jan. 1980."

The appellees contend that the appellant's acceptance of the benefit of any portion of the trial court's judgment constituted a waiver of any alleged errors below, and estops the appellant from challenging the judgment on appeal. To support this contention, the appellees quote the Court of Appeals holding in *Dubin v. Mobile Land Corporation,* 250 Md. 349, 353, 243 A.2d 585 (1968):

"It is well settled in Maryland, and the law generally is to the effect, that if a party, knowing the facts, voluntarily accepts the benefits accruing to him under a judgment, order or decree, such accep-

tance operates as a waiver of any errors in that judgment, order or decree and estops that party from maintaining an appeal therefrom. * * * If, however, the portion of the decree adjudicates a separate and distinct claim which benefits the appellants, unrelated to or independent of the unfavorable portion of the decree, then the acceptance of the benefit under the unrelated or independent portion of the decree will not result in a waiver of the right to appeal from the other unfavorable independent portion of the decree. * * *

"In our opinion, the decree * * * is an adjudication of the entire dispute * * * The provisions of the one decree were dependent upon each other and no provision of the decree adjudicated any separate distinct or independent claim. The knowledgeable acceptance, therefore, of the benefit of any portion of the decree waived any alleged error in the entire decree and estopped the accepting party from challenging the decree on appeal."

Although the appellant also cites *Dubin, supra* in his reply brief, and asserts that his "punitive damages claim is separate and distinct from the judgment as to damages on the negligence count," the appellees aver that the negligence count and the negligent entrustment count are not separate and distinct. While the counts may represent different causes of action, they are not separate and distinct because they involve precisely the same accident, the same injuries and the same principal. We accept the appellees' characterization of the two counts as not separate and distinct, and, therefore, must hold that the appellant's inconsistent action of accepting the rewards from his negligence action precludes him from obtaining appellate review of his similar claim of negligent entrustment. *Franzen v. Dubinok,* 290 Md. 65, 68, 427 A.2d 1002 (1981); *Kicherer v. Kicherer,* 285 Md. 114, 117, 400 A.2d 1097 (1979). When the appellant in this case accepted the benefits of the trial court's judgment, the litigation was finally concluded, and he cannot obtain

appellate review of the court's rulings as to a single count of that litigation. *Dubin, supra,* at 349; *Suburban Dev. Corp. v. Perryman,* 281 Md. 168, 171-172, 377 A.2d 1164 (1977); *Rocks v. Brosius,* 241 Md. 612, 217 A.2d 531 (1966).

## II. *Punitive Damages*

In his order of appeal the appellant states that he only appeals from the rulings of the trial court on count four of his declaration. In count four the appellant sought compensatory and punitive damages, alleging negligent entrustment. The appellant has not appealed from the judgment of the trial court whereby he was awarded compensatory damages on grounds of the appellees' negligence.

From this Court the appellant seeks very specific relief: he requests in his brief that the case be remanded for trial on the negligent entrustment issue so that at that new trial the issue of negligent entrustment may be submitted to the jury on punitive damages. In his reply brief, the appellant clarifies his request for this specific remedy by stating that at trial he "pressed the negligent entrustment count only as to punitive damages. That remains the only claim which is being pressed in this appellate proceeding." The appellant does not submit that the jury failed to compensate him adequately for his loss.

Assuming, *arguendo,* that the appellant is correct in contending that the trial court erred in not admitting certain proffered records into evidence, can this Court provide the appellant with the remedy which he requests? Based on our examination of the pertinent law we hold that this Court cannot order a new trial wherein the appellant would seek only punitive damages.

In *Montgomery Ward & Company v. Keulemans,* 275 Md. 441, 340 A.2d 705 (1975), the Court of Appeals modified the judgment of a lower court which had awarded to a party punitive damages on a malicious prosecution charge, but had not awarded compensatory damages on that count.

Citing several cases, including *Shell Oil Co. v. Parker,* 265 Md. 631, 644, 291 A.2d 64 (1972), Judge Singley found that, "The rule of our cases is clear that there must be an award of compensatory damages, at least in nominal amount, for an award of punitive damages to be allowed to stand." 275 Md. at 446.

The Court of Appeals in *Montgomery Ward, supra,* clearly required that compensatory damages be awarded on the same count as punitive damages in order to sustain the punitive damages, but the appellant submits that his receipt of compensatory damages against the principal on his negligence count is "tantamount to such an award on the negligent entrustment count." This proposition lacks both reason and authority; likewise, we refuse to accept the appellant's characterization of the holding in *Montgomery Ward* as "a highly technical application of the law."

Had this been a general appeal from the verdict of the jury it is possible that this Court could have considered the application of the same solution applied by the Court of Appeals in *Montgomery Ward.* We are limited in our review to the issue raised by the appellant and that is a very narrow one indeed. We do not have before us the case as it came from the jury as was the situation in *Montgomery Ward.*

The appellant's bold demand that *Montgomery Ward* "should not be the Law" and that this intermediate appellate Court should find *Montgomery Ward's* requirement "inherently unreasonable" cannot be fulfilled by this Court, but must be addressed to the Court of Appeals. In similar cases, however, the Court of Appeals has prohibited parties from requesting only punitive damages. *Schloss v. Silverman,* 172 Md. 632, 642-643, 192 A. 343 (1937). Until the law is changed we must find that "punitive damages are clearly dependent and can hardly be decided in a vacuum." *Kneas v. Hecht Co.,* 257 Md. 121, 125, 262 A.2d 518, 521 (1970); *Sims v. Ryland Corp.,* 37 Md. App. 470, 378 A.2d 1 (1977).

*Appeal dismissed; costs to be paid by appellant.*