## THOMAS M. LANAHAN and MADISON JEFFERS *vs.* JOHN H. B. LATROBE.

Where a party does not appeal from a decree, this court cannot reverse it for his benefit upon an appeal by other parties.

A creditor who participates in proceedings in equity, for the distribution of the proceeds of property sold under a deed of trust, so far makes himself a party to the deed, as to waive his right afterwards to deny its validity.

A judgment creditor cannot insist upon the efficacy of his liens at law in *opposition to a deed* as fraudulent, and at the same time claim in equity to participate in the proceeds of sale *under the deed:* he will be required to elect how he will proceed.

APPEAL from the equity side of the Superior Court for Baltimore City.

The record in this case shows, that on the 7th of September 1851, William Lefferman executed a deed to Jacob Pasquay and others, of all his property and effects including a stock in trade of hides and leather in the vats, *in trust* to permit the grantor with all reasonable expedition to complete the process of tanning all said hides and leather, and prepare the same for market, and sell the same and pay the proceeds over to the trustees, who were then to apply them, 1st, to pay the expense of executing and recording this deed; 2nd, to the payment of certain scheduled creditors of the grantor in full if the proceeds be sufficient, but if not then to pay the

same ratably among all said creditors; and 3rd, to pay the surplus after full satisfaction of all said claims to the grantor or his assigns.

On the 11th of February 1852, Lefferman executed a second deed of all his property to Latrobe, the appellee, in trust for the benefit of all his creditors, *pro rata*, without condition or reservations, but containing a stipulation, that "the trustee shall not be liable in the acceptance of this trust, except for such sums of money as shall actually come into his hands, or for the consequences of his intentional misconduct." On the 13th of the same month and year, Latrobe filed a bill in equity, alleging that after this deed had been deposited for record, Lanahan, one of the appellants, caused executions on judgments rendered by a justice of the peace against Lefferman, on the said 11th inst., to be levied on said Lefferman's property, then duly vested in complainant by said deed; that said executions are, or were at the time, in the hands of Jeffers, an officer who had seized the property after the deed was deposited for record as aforesaid, and who now threatens to sell the same. The bill then prays for an injunction, to restrain Lanahan and Jeffers from further proceedings upon these executions and judgments, which was granted.

The answer of Lanahan admits the execution of the deed to Latrobe, but denies that any title passed thereby, because Lefferman, by the deed first above mentioned, had previously conveyed all his property to the trustees therein named, which he avers is valid as between Lefferman and said grantees, (though invalid as to creditors,) and therefore good against Latrobe, the grantee of said Lefferman. He admits that executions were issued and levied as stated in the bill, but avers that he has a right to proceed to sell the property.

The answer of Jeffers admits that executions were placed in his hands, which he levied on Lefferman's property, but says that he had no knowledge of the other matters charged in the bill. The defects of the record are stated in the opinion of this court.

The court below on motion to dissolve, (FRICK, J.,) decided

that the first deed to Pasquay was void, and that the deed to. Latrobe was valid, and decreed that the injunction should be continued, and an account stated by the auditor.   From this decree the defendants appealed.

The cause was argued before Le Grand, C. J., Eccleston, Tuck and Mason, J.

*James Malcolm* for the appellants, argued.

1st. That the deed to Pasquay was valid as against Lefferman, the grantor, and his assignee Latrobe, and that they are estopped from denying its validity for the purpose of setting up the second deed.   Although the first may be fraudulent and void, as to the creditors of Lefferman who may choose to attack it, yet it is valid and binding as to the grantor, and his grantee can acquire no better title than he had.   3 *Mason,* 378, *Randall vs. Phillips.*   6 *H. & J.*, 61, *Dorsey vs. Smithson.*   7 *Do.*, 418, *Newson vs. Douglass.*   7 *G. & J.*, 132, *Stewart vs. Iglehart.*   4 *J. J. Marshall,* 295, *Tobin vs. Helm.* 1 *Smith's Lead. Cases,* 41.   1 *Lead. Cases in Eq.*, 75.   1 *Md. Rep.*, 471, *Waters vs. Dashiell.*   3 *Do.*, 423, *Spindler vs. Atkinson.*   5 *Do.*, 44, *Cushwa vs. Cushwa.*

2nd. Though the deed to Latrobe is valid, it is still incumbent on him to show that it was executed and recorded before the executions were issued, and placed in the hands of the officer, for executions bind personal property from the date of their delivery to the sheriff, and no disposition by the debtor of his property made thereafter, can affect the rights of the creditor to proceed.   It is not alleged in the bill, that the executions were issued after the recording of the deed.   6 *H. & J.*, 455, *Selby vs. Magruder.*   *Ibid.*, 266, *Harding vs. Stevenson.*   7 *Do.*, 460, *Giese vs. Thomas.*

3rd. That the remedy of the complainant was at law, and not in equity, and he was not entitled to an injunction, to restrain the defendants from proceedings under the executions. 9 *G. & J.*, 468, *Amelung vs. Seekamp.*

4th. That the deed to Latrobe is fraudulent and void,

because it limits the responsibility of the trustee to money actually received, and *intentional* misconduct. *Burrill on Assignments*, 209. 3 *Sandford's S. C. Rep.*, 545, *Litchfield vs. White.*

*George W. Dobbin* for the appellee, argued.

1st. That it was competent for Lefferman to execute the deed to Latrobe, it being confessed that the previous deed was a fraud. The cases cited on the other side say, that a fraudulent grantor cannot allege his own fraud as against his grantee, because a party cannot set up his own fraud as a defence. But this principle has no application to this case. The grantee here representing *the creditors* stands in a different position. If Latrobe had been a trustee under the insolvent laws, he would unquestionably be entitled to the property 3 *Md. Rep.*, 471, *Waters vs. Dashiell.* He, in effect, occupies the same position here that he would under the insolvent laws; he is the trustee for the creditors generally, and claims in behalf of those alone who are entitled to assail the first deed.

2nd. The *onus* of showing that the execution was issued before the deed was executed, is on the party who claims the benefit of the execution. On this point there is no allegation or proof in the record, but the proof shows that the *levy* was made *after* the deed was executed and recorded.

3rd. The trustees in such deeds as these, are not required by law to give bond, and report their proceedings to a court of equity, and the deeds therefore became the subject of equity jurisdiction. But the appellee was entitled to his remedy in equity upon general principles, for the remedy by an action of trespass at law, is not sufficient and adequate.

4th. The same stipulation objected to in the deed to Latrobe, was contained in the deeds in the two cases, which have been most litigated in this court. 4 *Gill*, 133, *McCall vs. Hinkley.* 8 *Do.*, 472, *Kettlewell vs. Stewart.* See also 6 *Watts & Seargt.*, 313, *Hennessy vs. The Western Bank*, and 21 *Ala. Rep.*, 382, 390, *Rankin, et al., vs. Lodor, et al.* The only

authority for the position assumed on the other side, is the New York decision cited.

Tuck, J., delivered the opinion of this court.

It is impossible to pass a decree in this case, with any degree of certainty as to its effect upon the rights of the parties, in consequence of the imperfect condition of the record.

The appeal appears to have been taken from an order, passed in the consolidated cases of *Pasquay vs. Latrobe*, and *Latrobe vs. Lanahan, et al.*, both of them involving the validity of the deed of trust from Lefferman to Latrobe. But we do not find in the record before us, any part of the proceedings on the bill filed by Pasquay : nor is there any thing either of exhibit, averment or proof, from which we can ascertain at what time the writs of *fi. fa.*, relied on by Lanahan, and which Latrobe seeks to enjoin, were delivered to the officer to be executed.

The decree in effect vacates the deed to Pasquay and others, by directing an audit in disregard of its provisions. As they have not appealed we cannot reverse the decree, if there be error, for their benefit; and whether Lanahan has any ground of complaint must depend, in part at least, upon his having been a creditor of Lefferman at the date of Pasquay's deed. The time of this indebtedness does not certainly appear any where, though from the auditor's account, one of the debts bears interest before September 1851, but this is not proof of his claim. Besides, if he relies on this account, we might be required to say that he has, by participating in the proceedings for the distribution of the proceeds under the order of court, on the assumption that the deed to Latrobe is good, so far made himself a party to that deed, as to have waived his right now to deny its validity. *Moale vs. Buchanan*, 11 *G. & J.*, 314. *Jones vs. Horsey*, 4 *Md. Rep.*, 306. If he has not lost this right, he may certainly be required to elect how he will proceed : for he cannot insist upon the efficacy of his liens at law, in opposition to the deed as fraudulent, and in equity, claim to participate in the funds, without the conces-

sion that they are rightfully there for distribution among the creditors of the grantor.

He may have gained a priority by the time his executions were delivered to the officer, and this will be allowed him in the distribution in equity. But we cannot say that the fact was so. It appears that they were levied after the execution of the second deed, and we might adopt, with some reason, the suggestions of the appellant's counsel, as inferences from the facts stated in the bill and answer, but then, the opposite conclusions, on the argument of the other side, if adopted, are as likely to be correct. In this state of uncertainty, we think the record should be remanded, under the act of 1832, ch. 302, in order that, if the case should again come before this court, we may be able to act more advisedly on the important questions presented at the hearing.

*Cause remanded.*