720 A.2d 298

**Andrea Lynn DIETZ**

**v.**

**William Albert DIETZ.**

**No. 6, Sept. Term, 1998.**

Court of Appeals of Maryland.

Nov. 16, 1998.

---

Frances C. Gambo, Timonium, for petitioner.

Thomas L. Hennessey, Towson, for respondent.

Susan Carol Elgin, Marguerite Angelari, Bruce A. Kaufman Center for Family Law, Towson, brief of Amicus Curiae Bruce A. Kaufman Center for Family Law.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY, CHASANOW, RAKER and WILNER *, JJ., and ROBERT L. KARWACKI, Judge, (retired), Specially Assigned.

RODOWSKY, Judge.

In this divorce action the Court of Special Appeals dismissed an appeal seeking an increase in a monetary award because the appellant had accepted payments under the award as rendered. *Dietz v. Dietz,* 117 Md.App. 724, 701 A.2d 1144 (1997). We shall reverse and remand for the reasons set forth below.

The issue before us is limited, so that the facts may be briefly stated. Nothing in our recital of facts is intended to indicate any view on the merits of the issues to be decided on remand.

The respondent, William Albert Dietz (Mr. Dietz), his father, Fred Dietz, Sr., and one of his brothers, Fred Dietz, Jr., have been lifelong farmers, principally dairy farming.[1] Prior to 1979 they leased farmland or farmed for shares. The combined acreage on which their farming operations were conducted totaled approximately 700 acres.

On January 8, 1977, the petitioner, Andrea Lynn Dietz (Mrs. Dietz), and Mr. Dietz were married. Two children were born of the marriage.

In February 1979 the fee simple title to 289 acres of farmland, known as the Lang Valley Farm (the Farm), was conveyed to Mr. Dietz, his father, and his brother. The purchase price of the Farm was $400,000, of which $100,000 was paid at the time of closing, and the three Dietzes, jointly and severally, secured the balance of the purchase price by

---

* Wilner, J., participated in the hearing of this case; however, he did not participate in the conference, decision, and adoption of this opinion.

1. Although the captions on the pleadings and papers filed in the Circuit Court for Baltimore County name the respondent simply as William Albert Dietz, his name was converted to William Albert Dietz, Jr. on the briefs in the Court of Special Appeals. We shall revert to the name used in the circuit court.

executing a take-back purchase money mortgage. The parties to this action lived together in the house on the Farm until 1990.

In 1984, when Fred Dietz, Sr. retired, Mr. Dietz and Fred Dietz, Jr. formed Dietz Brothers, a partnership (the Partnership) in which each brother had a fifty percent interest. The assets of the Partnership were livestock, crops, and equipment.

Marital difficulties between Mr. and Mrs. Dietz led to trial separations and to a final separation in September 1992. Mrs. Dietz filed for divorce in the Circuit Court for Baltimore County in October 1992.

A number of evidentiary hearings were held. Both parties produced experts to value Mr. Dietz's interest in the Partnership. The parties stipulated that the value of the Farm was $1,200,000 as of the date of separation, but there was a dispute as to what portion, if any, of Mr. Dietz's interest in the Farm was marital property.

In February 1996 the circuit court rendered an oral opinion, determining that the Partnership was marital property and that the value of Mr. Dietz's interest in the Partnership was $602,380. Based thereon, a monetary award of 40.7% or $245,169, rounded to $245,000, was granted to Mrs. Dietz. The court, however, denied any monetary award to Mrs. Dietz on her claim that Mr. Dietz's interest in the Farm was marital property. Final judgment was entered April 1, 1996.

The court ordered Mr. Dietz to pay $20,000 within thirty days of the entry of judgment, with the $225,000 balance of the monetary award to be paid in monthly installments of $1,250 over a fifteen-year period.

By check dated April 23, 1996, Mr. Dietz paid Mrs. Dietz the installment of $20,000. Mrs. Dietz deposited the check on or about April 26, 1996. Her appeal to the Court of Special Appeals was noted on May 1, 1996. When the first of the regular monthly installments of $1,250, due May 1, 1996, was not timely paid, Mrs. Dietz petitioned to have Mr. Dietz found

in contempt. After the circuit court issued a show cause order and scheduled a hearing, Mr. Dietz paid the May installment, and the hearing was canceled. Insofar as the record in this case reflects, Mr. Dietz subsequently has paid, and Mrs. Dietz has accepted, each monthly installment.

In her brief to the Court of Special Appeals, Mrs. Dietz made two contentions: first, that the trial court erred in rejecting her claim that the monetary award should include an amount based on finding Mr. Dietz's interest in the Farm to be marital property; and, second, that it was inequitable for the monetary award to be paid over a fifteen-year period. Mr. Dietz moved to dismiss the appeal, arguing that Mrs. Dietz voluntarily had accepted the benefits of the judgment. Mr. Dietz did not cross-appeal. Mrs. Dietz's right to have a monetary award based on the Partnership, the total amount of that award, and the rate at which that award is to be paid, are not questioned by Mr. Dietz on this appeal.

The Court of Special Appeals dismissed the appeal. That court began its analysis by stating categorically what it called "the general waiver rule," which it described as follows:

"It is a well established rule in Maryland that if a party, knowing the facts, voluntarily accepts the benefits accruing to him or her under a judgment, order, or decree, such acceptance operates as a waiver of any errors in the judgment, order, or decree and estops that party from maintaining an appeal therefrom."

*Dietz*, 117 Md.App. at 730, 701 A.2d at 1147. The court then reviewed the Maryland cases and noted that there were a number of "exceptions," *e.g.*, " 'benefits ... unrelated to, or independent of, the unfavorable portion of the decree,' " *id.* at 733, 701 A.2d at 1148 (quoting *Dubin v. Mobile Land Corp.*, 250 Md. 349, 353, 243 A.2d 585, 587 (1968), as quoted in *Rispoli v. Jackson*, 51 Md.App. 606, 611, 445 A.2d 349, 351 (1982)); awards in workers' compensation cases, *Dietz*, 117 Md.App. at 733–34, 701 A.2d at 1148–49; and attempts to obtain an increase in alimony while accepting the payments ordered by the court, *id.* at 734–35, 701 A.2d at 1149 (citing

*Lewis v. Lewis,* 219 Md. 313, 149 A.2d 403 (1959)). The Court of Special Appeals concluded that the reason for the "exception" from the "general waiver rule" in *Lewis* was "because the benefits accruing to the appellant under [the] trial court's award of alimony '**provide necessary support** until the final adjudication of the case.'" *Dietz,* 117 Md.App. at 739, 701 A.2d at 1151 (quoting from *Lewis,* 219 Md. at 317, 149 A.2d at 403) (emphasis added by Court of Special Appeals). Reasoning that a monetary award is not a form of support, and because Mrs. Dietz was seeking an increase in the monetary award, the Court of Special Appeals concluded that the *Lewis* "exception" did not apply, and the court dismissed the appeal.

We granted Mrs. Dietz's petition for certiorari which is limited to whether her appeal was properly dismissed. The Bruce A. Kaufman Center for Family Law filed an amicus curiae brief in support of Mrs. Dietz's position.

I

Our analysis begins with the principle that a party who is aggrieved by a final judgment may perfect an appeal to obtain review of the judgment. Looking at the same concept from a different perspective in *Baer v. Robbins,* 117 Md. 213, 83 A. 341 (1912), we said that "[w]hile it is the general rule that an appeal cannot be taken from a judgment by a party in whose favor it was rendered, yet an exception to this rule is recognized in cases where the judgment 'is for less than the amount or short of the right claimed.'" *Id.* at 225, 83 A. at 343 (citation omitted).

■ The Court of Special Appeals used "general waiver rule" to refer to a limitation on the right to appeal that part of a judgment of which a party is aggrieved. *Dietz,* 117 Md.App. at 730, 701 A.2d at 1147. A waiver ordinarily is the voluntary relinquishment of a known right or such conduct as warrants an inference of the relinquishment of such right, and may result from an express agreement or be inferred from circumstances. *Government Employees Ins. Co. v. Group Hospitalization Med. Serv., Inc.,* 322 Md. 645, 650, 589 A.2d 464, 466

(1991) (citing *Food Fair Stores, Inc. v. Blumberg*, 234 Md. 521, 531, 200 A.2d 166, 172 (1964)).

This Court's explanations of the limitation on the right to appeal have not been entirely uniform. For example, earlier cases have spoken of waiver, *see Farmers' Bank v. Thomas*, 37 Md. 246, 258 (1873), describing *Lanahan v. Latrobe*, 7 Md. 268 (1854); [2] election of remedies, *see Lanahan*, 7 Md. at 272–73; [3] and splitting of a decree. *Silverberg v. Silverberg*, 148 Md. 682, 130 A. 325 (1925).[4]

■ Our most recent cases have repeated the description of the limitation on the right to appeal that is found in *Rocks v. Brosius*, 241 Md. 612, 630, 217 A.2d 531, 541 (1966), namely, "[t]he right to appeal may be lost by acquiescence in, or recognition of, the validity of the decision below from which the appeal is taken or by otherwise taking a position which is inconsistent with the right of appeal." *See Osztreicher v. Juanteguy*, 338 Md. 528, 534, 659 A.2d 1278, 1281 (1995); *Franzen v. Dubinok*, 290 Md. 65, 68, 427 A.2d 1002, 1004 (1981). We shall call the limitation "the acquiescence rule."

In *Rocks*, it was unnecessary to apply the acquiescence rule, but the two later decisions illustrate applications of it. *Osztreicher* involved a judgment entered against the plaintiff after

**2.** *Farmers' Bank* describes *Lanahan* as holding "that a creditor who participates in a proceeding in equity for the distribution of the proceeds of property sold under a deed of trust, so far makes himself a party as to waive his right afterward to object to the validity of the deed." *Farmers' Bank*, 37 Md. at 258.

**3.** At the referenced portion of the opinion in *Lanahan*, this Court stated that the appellant

"may certainly be required to elect how he will proceed: for he cannot insist upon the efficacy of his liens at law, in opposition to the deed as fraudulent, and in equity, claim to participate in the funds, without the concession that they are rightfully there for distribution among the creditors of the grantor."
*Id.* at 272–73.

**4.** *Silverberg* said that an appeal designed to obtain an increase in counsel fees awarded in a divorce case involved "the twofold error of at once splitting the decree and attempting both to accept and reject its terms." *Id.* at 689, 130 A. at 328.

the plaintiff's attorney declined to produce evidence. The trial court had precluded a witness for the plaintiff from testifying, a ruling with which plaintiff's counsel disagreed. Although a second witness was available to give substantially the same evidence that would have been given by the precluded witness, that would have sufficed to avoid a judgment on motion for the defendant, and that was not barred by the ruling complained of, plaintiff's counsel voluntarily left the record in a posture that required judgment for the defendant, thereby clearly acquiescing in that judgment. In *Franzen* we said that the payment of a judgment by a judgment debtor would not normally be treated as acquiescence in the judgment because the coercive aspects of the judgment usually render the payment involuntary. *Franzen*, 290 Md. at 71–72, 427 A.2d at 1005.

The clearest example of acquiescence in a judgment is found in the remittitur cases. There the trial court rules that it will grant a new trial unless the plaintiff consents to a specified reduction in the verdict. If the reduction is accepted it results in a judgment for the plaintiff in the lesser amount. In these cases the plaintiff chooses to have the verdict and judgment reduced rather than retry the case. Because of this acquiescence, an appeal from the judgment by the plaintiff ordinarily must be dismissed. *See Kneas v. Hecht Co.*, 257 Md. 121, 262 A.2d 518 (1970); *State use of Shipley v. Walker*, 230 Md. 133, 186 A.2d 472 (1962); *Turner v. Washington Suburban Sanitary Comm'n*, 221 Md. 494, 158 A.2d 125 (1960). Dismissal in the remittitur cases of an appeal is very similar to the dismissal of an appeal under the rule that no appeal lies from a consent judgment. *See, e.g., Mercantile Trust Co. of Baltimore v. Schloss*, 165 Md. 18, 24, 166 A. 599, 601–02 (1933).

A frequently cited acquiescence case is *Bowers v. Soper*, 148 Md. 695, 130 A. 330 (1925). It arose out of the sale of realty by trustees in a partition proceeding. In an earlier appeal, *Shirk v. Soper*, 144 Md. 269, 124 A. 911 (1923), Shirk, a part owner of the property, had obtained a reversal, based on inadequacy of price, of the order ratifying the sale, but in that decision this Court stated that, because there had been no

appeal bond filed, the reversal would not affect any rights which the purchaser may have acquired in the property. On remand, Shirk requested the trustees to distribute the "money 'as audited,' and ... the trustees accordingly disbursed the funds." *Bowers*, 148 Md. at 697, 130 A. at 331. Shirk then sought to appeal from the denial of his exceptions to the audit that "were based in part upon the theory that the distribution of the funds would preclude any action by the trustees in derogation of the sale which they had reported and which the court below had approved." *Id.* at 699, 130 A. at 331. Thus, not only had Shirk "waived his right of appeal," *id.* at 698, 130 A. at 331, or acquiesced in the judgment, but the reliance of the trustee on Shirk's request in making distribution prevented Shirk "[u]pon the plainest principles of estoppel ... from successfully disputing a disposition of funds ... made with his consent." *Id.* at 697, 130 A. at 331.

Requiring special attention are certain early decisions of this Court, dealing with equity's administration of a fund generated by the judicial sale of property, because they can be read as presenting perhaps the strictest applications of the acquiescence rule in our reports. In these cases a creditor who claims a lien on assets of the estate challenges the court's dealing with the assets as if there were no lien, but the creditor also files a claim for a distributive share. *See Gott-schalk v. Smith*, 74 Md. 560, 22 A. 401 (1891); *Horsey v. Chew*, 65 Md. 555, 5 A. 466 (1886); *Farmers' Bank v. Thomas*, 37 Md. 246 (1873). In these cases the creditor is in effect saying, "I am entitled to have my lien fully enforced out of the assets subject to the lien, but if I do not prevail on that argument, then I am still a general creditor and entitled to participate in the distribution." This Court, however, concluded that the creditors lost their rights to challenge the courts' rulings on their particular liens by filing claims for a distributive share. *See Horsey*, 65 Md. at 557, 5 A. at 467. Thus, the rationale of these cases appears to be out of harmony with modern practice which recognizes claims in the alternative. *See* Maryland Rule 2–303(c). More recently we have cautioned that the acquiescence rule "is a severe one, which it is now generally

held should not be extended." *Petillo v. Stein,* 184 Md. 644, 652, 42 A.2d 675, 678 (1945). *See also Lewis,* 219 Md. at 317, 149 A.2d at 405. Consequently, it is sufficient for present purposes to state that the *Gottschalk, Horsey,* and *Farmers' Bank* cases should be limited to their facts.

The acquiescence rule was applied where an appellant sought to reverse an order while previously or concurrently relying on the order as being correct. *Stewart v. McCaddin,* 107 Md. 314, 68 A. 571 (1908) (mortgagee's appeal to overturn injunction of foreclosure dismissed where mortgagee was relying on an exclusion of later defaults from the injunction in order to justify a second foreclosure).

In another class of cases in which appeals have been dismissed, the trial court has exercised its discretion in fashioning relief to combine, so as to be interdependent or nonseverable, the feature complained of by the appellant, and the feature acceptable to the appellant. For example, where the feuding husband and son of a disabled woman each sought appointment as her guardian, the court appointed both, as co-guardians, and each qualified under the order by posting bond. Their appeals, each seeking to have the other removed as co-guardian, were dismissed. *Kicherer v. Kicherer,* 285 Md. 114, 400 A.2d 1097 (1979). *See also Suburban Dev. Corp. v. Perryman,* 281 Md. 168, 377 A.2d 1164 (1977) (where order setting aside foreclosure of right of redemption from tax sale was conditioned on original owner's paying tax sale purchaser's expenses, which were paid to and accepted by purchaser, purchaser could not appeal vacating of the foreclosure); *Dubin v. Mobile Land Corp.,* 250 Md. 349, 243 A.2d 585 (1968) (injunction of mortgage foreclosure—same).

In the instant matter Mrs. Dietz did not expressly give up her claim for a monetary award derived from her husband's interest in the Farm. Nor did the circuit court reject her claim as the result of, or because it was interrelated with, the grant of a monetary award derived from the Partnership. Rather, our decisions in the workers' compensation, spousal support,

and condemnation contexts are the most analogous to the instant matter.

In the earliest of the workers' compensation cases involving a claimed acquiescence, the claimant had been awarded fifty percent permanent partial disability by the Commission, based on loss of use of a leg. *Bethlehem Steel Co. v. Mayo*, 168 Md. 410, 177 A. 910 (1935). The claimant accepted payments at that level of compensation, but appealed to the circuit court seeking an increase to one hundred percent permanent partial disability, a contention with which the jury agreed. *Id.* at 413, 177 A. at 911. Rejecting the employer's motion to dismiss because of acquiescence, we said that "that rule does not apply where the right to the benefit received is conceded by the opposite party, or where the appellant would be entitled thereto in any event." *Id.* We said that "[t]he whole issue in the case was not whether [the claimant] had lost less than fifty percent. of the use of that leg, but whether he had lost more than fifty percent. of the use thereof." *Id.* at 414, 177 A. at 911. We held that "the general rule that one cannot take the benefits under a judgment . . . and at the same time attack its validity, does not apply where the right to the benefits actually received is conceded by the opposite party. . . ." *Id.* at 414–15, 177 A. at 911. Reinforcing that conclusion, we said that "[a]ny other conclusion would be wholly inconsistent with the legislative intent as declared in the [Workers' Compensation Act]." *Id.* at 415, 177 A. at 911.

Subsequent workers' compensation cases have not treated *Mayo*'s holding as peculiar to, or based only upon, the public policy underlying that statute. *Petillo v. Stein*, 184 Md. 644, 42 A.2d 675 (1945), reversed a dismissal of a claimant's appeal where the circuit court had applied the acquiescence rule. The claimant had been awarded compensation of 212 weeks for a permanent partial disability, had obtained an order converting the award into a lump sum, and sought a permanent total disability rating on appeal to the circuit court. The employer also appealed to the circuit court, initially seeking a reduction in the disability finding, but, after the lump sum had been paid, the employer sought dismissal of the claimant's

appeal. Reiterating the language from *Mayo,* quoted above, this Court reinstated the claimant's appeal. We said that the acquiescence doctrine "should only be applied to actions taken by the same litigant which are necessarily inconsistent," but that the claimant's entitlement "to the commutation of the award made is not inconsistent with his claim on appeal that he is entitled to more." *Petillo,* 184 Md. at 652, 42 A.2d at 678. Rejecting the employer's argument that conversion to a lump sum award prevented the employer from obtaining any practical benefit from its appeal, this Court further held that the remedy of dismissal sought by the employer was unrelated to its damages. *Id.* at 649, 42 A.2d at 677.

*Mayo* was again applied in *Smith v. Revere Copper & Brass,* 196 Md. 160, 76 A.2d 147 (1950), where *Mayo* was described as holding that the acquiescence rule "does not apply where the right to the benefit received is conceded by the opposite party, or where he would be entitled thereto in any event." *Revere Copper,* 196 Md. at 166, 76 A.2d at 149. The claimant, Smith, had been awarded forty weeks of compensation for disfigurement, and on appeal to the circuit court sought to obtain additional compensation for partial loss of use of the arm. The circuit court dismissed, but was reversed. We held that "in the absence of appeal by employer, claimant's right to the award for disfigurement is not disputed. Acceptance of that award, therefore, did not bar claimant's appeal as to loss of use of the arm. . . ." *Id.*

In its opinion in the instant matter the Court of Special Appeals relied heavily on *Lewis v. Lewis,* 219 Md. 313, 149 A.2d 403 (1959). *See Dietz,* 117 Md.App. at 734–35, 739, 701 A.2d at 1149, 1151. In *Lewis,* the wife accepted alimony while appeals were pending. The husband appealed, contending that the alimony award was too high, the wife cross-appealed, contending the alimony award should be increased, and the husband moved to dismiss the wife's appeal under the acquiescence rule. Initially, we rejected the reasoning that earlier had been applied in *Silverberg v. Silverberg,* 148 Md. 682, 689, 130 A. 325, 328 (1925), where an appeal similar to that of the wife in *Lewis* had been dismissed on the theory that a party

may not split a decree. *Lewis,* 219 Md. at 316, 149 A.2d at 404. We then recognized that the workers' compensation cases had held that the acquiescence rule "would not apply where the right to the benefit received was not contested by appeal of the opposite party." *Id.* at 317, 149 A.2d at 405. In *Lewis,* however, the husband, by his appeal, had contested the alimony award.

After repeating *Petillo* 's statement that the acquiescence doctrine "is a severe one and should not be extended," we made the following holding:

> "[I]f applicable at all in a divorce case, the bar cannot be raised where the benefits accruing to the wife, by reason of the award, provide necessary support until the final adjudication of the case."

*Lewis,* 219 Md. at 317, 149 A.2d at 405.

■ The holding in *Lewis* should not be read to mean that the acquiescence rule applies in divorce cases unless the order under which benefits have been taken and which has been appealed is an order for support, as the Court of Special Appeals seems to have done. *Dietz,* 117 Md.App. at 739, 701 A.2d at 1151. *Lewis* presents a very limited holding circumscribing application of the acquiescence rule in support cases *where the support awarded is challenged on appeal,* but *Lewis* does nothing to undermine the proposition that the acquiescence rule does not apply where there is no cross-appeal and the appellant seeks only an increase in an undisputed minimum.

*Shapiro v. Maryland–Nat'l Capital Park & Planning Comm'n,* 235 Md. 420, 201 A.2d 804 (1964), a condemnation case, makes plain that the holdings in the workers' compensation cases are not limited to that field of law. In *Shapiro,* a property owner accepted payment of the amount awarded by the jury for the taking, declared that the acceptance was without prejudice to appeal, and appealed, raising only the claimed inadequacy of the jury's award. *Id.* at 424–25, 201 A.2d at 805. This Court denied the condemnor's motion to dismiss the appeal because the " 'right to the benefit received

is conceded by the opposite party.'" *Id.* at 424, 201 A.2d at 805 (quoting *Mayo,* 168 Md. at 413, 177 A. at 911).

Courts in other jurisdictions have declined to dismiss in cases very similar to the case at bar. *In re Marriage of Abild,* 243 N.W.2d 541 (Iowa 1976), involved an appellant's claim that a division of marital property was inequitable. The appellee sought dismissal because the appellant accepted $200 monthly payments under the decree while the appeal was pending. *Id.* at 542. There was no cross-appeal. Denying dismissal, the court reasoned as follows:

> "When an appellant accepts only that which the appellee concedes, or is bound to concede, to be due him under the judgment or decree, he is not barred from prosecution of an appeal which involves only his right to a further recovery. Acceptance of part of the award in such circumstances is not inconsistent with the appellant's claim that the award should have been larger. This principle is applicable when an appellant in a [case involving marital property,] where there is no cross-appeal[,] accepts part of an award of cash ... while claiming entitlement to a larger award on appeal."

*Id.* at 543. *See also Bailey v. Bailey,* 345 So.2d 304, 306 (Ala.Civ.App.1977) (denying dismissal where the appellee did not cross-appeal and the appellant sought an increase in a marital property award); *Cohen v. Cohen,* 102 Cal.App.2d 624, 228 P.2d 54, 55 (1951) (same); *Boyce v. Boyce,* 541 A.2d 614, 620 n. 13 (D.C.1988) (same); *Cunningham v. Cunningham,* 60 Nev. 191, 105 P.2d 398, 400 (1940) (same); *Simon v. Simon,* 148 N.J.Super. 40, 371 A.2d 818, 819–20 (N.J.Super.Ct.App.Div.1977) (no inconsistency between judgment and appeal), *cert. denied,* 75 N.J. 12, 379 A.2d 243 (1977); *Sanford v. Sanford,* 295 N.W.2d 139, 142 (N.D.1980) (only increase sought, no cross-appeal); *Bohl v. Bohl,* 72 S.D. 257, 32 N.W.2d 690, 692 (1948) (same); *In re Marriage of Hadley,* 88 Wash.2d 649, 565 P.2d 790, 792 (1977) (same); *Anderson v. Anderson,* 72 Wis.2d 631, 242 N.W.2d 165, 169 (1976) (same).

■ In the instant matter Mr. Dietz does not contest the monetary award that was made. There is nothing inconsistent

between Mrs. Dietz's acceptance of the monetary award that was made because of Mr. Dietz's Partnership interest and her request for an increase in the monetary award because of Mr. Dietz's interest in different property. Under these circumstances there has been no acquiescence in the judgment, and it is immaterial that a monetary award is not alimony.

## II

The same result flows if, as Mrs. Dietz urges, the Court of Special Appeals concludes that it was error for the trial court to spread payment of the monetary award derived from the Partnership over a period as long as fifteen years. If Mrs. Dietz is successful in this aspect of her appeal, the case would be remanded to the trial court for shortening the payment schedule. In that event, Mrs. Dietz's monthly installments could only increase. Her acceptance of the lesser amount in the past installments, therefore, was not inconsistent with her claim that she is entitled to more money in each installment.

Accordingly, we reverse and remand for the Court of Special Appeals to consider on the merits the issues raised by Mrs. Dietz's appeal.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT TO BE PAID BY THE RESPONDENT, WILLIAM ALBERT DIETZ.**