803 A.2d 545

DOWNTOWN BREWING COMPANY, INC.

v.

MAYOR and City Council OF OCEAN CITY, Maryland.

No. 130, Sept. Term, 2001.

Court of Appeals of Maryland.

July 23, 2002.

Shannon N. Hicks (Roger J. Marzulla of Marzulla & Marzulla; John C. Maginnis of Maginnis Law Office, on brief), Washington, for appellant.

Guy R. Ayres, III & Bruce F. Bright (Ayres, Jenkins, Gordy & Almand, P.A., on brief), Ocean City, for appellee.

Argued before BELL, C.J., and ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

RAKER, J.

This appeal by Downtown Brewing Company, Inc., appellant (Downtown Brewing), arises out of a condemnation proceeding initiated by the Mayor and City Council of Ocean City, Maryland, appellees (Ocean City), an incorporated municipality, condemning certain property to be used to expand a portion of Route 50, a state highway, in Ocean City. Downtown Brewing argues that Ocean City had no authority to condemn its private property for a state highway project. We shall grant Ocean City's motion to dismiss this appeal because,

by accepting the condemnation award, Downtown Brewing has waived the authority issue.

### I.

Downtown Brewing was the owner in fee simple of a .28 acre, improved parcel of real property located at 201 Caroline Street, Ocean City, Worcester County, Maryland. The subject property is located adjacent to the eastbound side of the Route 50 bridge, at the entrance to Ocean City. On December 18, 2000, Ocean City, after consulting with the State Highway Administration (SHA), enacted Ordinance 2000–34, declaring it a public necessity to acquire Downtown Brewing's property and authorizing its condemnation. Ocean City sought the subject property in order to expand the base of the state highway, Route 50, at its point of entry into the city. Condemnation Ordinance 2000–34 confirms that the purpose of the condemnation was to facilitate an SHA project: "[T]he Mayor and City Council of Ocean City, together with the State Highway Administration, deem it in the best interest of the public health, safety, and general welfare to expand the Rt. 50 bridge at the entrance into Ocean City." Ocean City, Md., Ordinance 2000–34 (Dec. 18, 2000).

On January 4, 2001, Ocean City filed a complaint for condemnation in the Circuit Court for Worcester County to acquire the subject property, pursuant to Ordinance 2000–34, against Downtown Brewing, and the following lienholders: John and Barbara Davenport, Ocean City Ice and Seafood, Inc., Department of the Treasury, Internal Revenue Service, Richard Lohmeyer, Atlantic Recovery Services, Inc., and Faw, Casson & Co., LLP. The trial court granted Ocean City's motion for partial summary judgment, finding that the Route 50 project had a public purpose and that it was necessary for Ocean City to take the property for the project.

Following a jury trial in the Circuit Court, the jury returned a verdict awarding defendants $135,000.00 as compensation for the condemned property. On August 27, 2001, Downtown Brewing filed a motion for a new trial or, in the alternative, a

motion to amend or alter judgment. Although Downtown
Brewing had asserted in its answer that the acts of Ocean City
were *ultra vires*, it asserted for the first time in its post-trial
motion that the statutory grant of condemnation authority to
the SHA preempted a municipality from condemning property
to be used for part of a state highway system and that Ocean
City did not have the capacity to condemn property for use in
connection with a state highway project. On August 28, 2001,
Ocean City deposited the full amount of the condemnation
award into the registry of the Circuit Court for Worcester
County. On September 24, 2001, the trial court denied Down-
town Brewing's post-trial motions.

On October 4, 2001, pursuant to motions filed by Downtown
Brewing's lienholders, the trial court ordered disbursement of
funds to those lienholders.[1] Shortly thereafter, on October 12,
2001, Ocean City took possession of the property and demol-
ished the improvement constructed thereon. On October 17,
2001, Downtown Brewing requested that the trial court dis-
burse to it the balance of the condemnation award.[2]

Downtown Brewing noted a timely appeal to the Court of
Special Appeals. This Court, on our own initiative, issued a
writ of certiorari prior to consideration by the intermediate
appellate court, to answer the question of whether the trial
court erred in holding that Ocean City had the authority to
condemn the property to be used for a state highway project.
We shall not reach that issue because we agree with Ocean
City that Downtown Brewing, by its conduct, has waived that
issue for appellate review.

---

1. In order of priority of claim against the property, the trial court
disbursed the $135,000.00 condemnation award as follows: $73,472.08
to John E. and Barbara J. Davenport; $11,377.56 to the Internal
Revenue Service; $10,876.74 to Faw, Casson & Co., LLP; $6,264.67 to
Richard V. Lohmeyer; $2,448.39 to Worcester County Liquor Control
Board; $1,901.17 to the Worcester County Commissioners; $1,427.18
to Ocean City Ice & Seafood, Inc.; and $685.91 to Ocean City.

2. Downtown Brewing received $26,546.30 from the condemnation
award.

## II.

In this Court, Ocean City filed a Motion to Dismiss, asserting that Downtown Brewing has waived the issue that it now argues on appeal for two reasons: first, by failing to raise it during the trial[3] and, second, by accepting the condemnation award.

The general rule in this State is that "an appellant cannot take the inconsistent position of accepting the benefits of a judgment and then challenge its validity on appeal." *Shapiro v. Md.–Nat. Park Comm.*, 235 Md. 420, 424, 201 A.2d 804, 805 (1964). This general preclusion has been variously termed as waiver, estoppel, acceptance of benefits creating mootness, and acquiescence in judgment. *See Franzen v. Dubinok*, 290 Md. 65, 68–69, 427 A.2d 1002, 1004 (1981). We said, in *Rocks v. Brosius*, 241 Md. 612, 217 A.2d 531 (1966), that "[t]he right to appeal may be lost by acquiescence in, or in recognition of, the validity of the decision below from which an appeal is taken or by otherwise taking a proposition which is inconsistent with the right to appeal." *Id.* at 630, 217 A.2d at 541. *See Dietz v. Dietz*, 351 Md. 683, 689, 720 A.2d 298, 301–02 (1998) (referring to the general rule of preclusion as "the acquiescence rule").

Recognizing that the acquiescence doctrine is a severe one, *see Lewis v. Lewis*, 219 Md. 313, 317, 149 A.2d 403, 405 (1959), we held that it should only be applied to actions taken by the same litigant that are necessarily inconsistent and that a claim on appeal that one is entitled to more money is not inconsistent. *See Petillo v. Stein*, 184 Md. 644, 42 A.2d 675 (1945). An exception to the acquiescence rule exists, there-

---

**3.** The first ground asserted by Ocean City in its motion to dismiss is actually an argument for estoppel by participation in the condemnation proceedings. Ocean City argues that Downtown Brewing cannot participate in the proceedings, await the outcome, and then, following the award, claim for the first time that Ocean City was without authority to condemn the property. Downtown Brewing argues that it properly raised the issue in its answer to the petition. We need not resolve that dispute because we shall find that, in accepting the condemnation award, Downtown Brewing waived the issue.

fore, where the right to the benefit received is conceded to by the opposing party or where the appellant would be entitled to the proceeds in any event. *See Shapiro,* 235 Md. at 424, 201 A.2d at 805.

This exception has been applied narrowly in Maryland in condemnation awards and is applicable only where the issue raised on appeal is the adequacy of the award. *See id.* at 425, 201 A.2d at 805 ("Although the general [acquiescence] rule usually has been applied in condemnation appeals, the rationale of the exception to the rule (which this Court has recognized in compensation and divorce cases) has been accepted by strong courts where the only issue was the amount of the award.").

*Shapiro* involved the application of the acquiescence rule to condemnation proceedings. In that case, the Maryland–National Capital Park and Planning Commission condemned two hundred fifty-eight acre lots to use as a site for a dam. *See id.* at 423, 201 A.2d at 805. The only contested issue at trial was the fair market value of the land. After the jury verdict, Shapiro accepted the Commission's check and noted on the check that it was accepted without prejudice to the right to appeal. Shapiro appealed, and the Commission moved to dismiss on the grounds that one cannot accept the benefits of a judgment and then challenge its validity on appeal. *See id.*

We denied the motion to dismiss the appeal because the property owners did not challenge the right of the Commission to condemn or raise any question other than the size of the jury's award. *See id.; see also Dietz,* 351 Md. at 696–97, 720 A.2d at 305 (denying a motion to dismiss in a domestic relations case because only the amount of alimony awarded was contested). In *Shapiro,* we accepted and adopted the reasoning of the Court of Appeals of New York, set forth in the case of In re *Courthouse in New York,* 216 N.Y. 489, 111 N.E. 65 (1916), noting that:

"where appeal of the condemnee does not raise any question of the right to condemn or the right of the condemnor to retain the land or any other question except the fairness or

correctness of the amount of the award, which an appellant accepted (but not as payment in full), the appeal will be entertained."

*Shapiro*, 235 Md. at 425, 201 A.2d at 806. In In re *Courthouse*, the New York Court of Appeals noted that "[w]hile the acceptance of the award in condemnation proceedings does not deprive the landowner of his right to appeal, it does limit the ground upon which he can seek a reversal." *In re Courthouse*, 111 N.E. at 66. The court concluded that "[the landowner] is confined to an attack upon the award for insufficiency." *Id.* at 66.

Downtown Brewing acquiesced in the judgment by accepting its share of the condemnation award. It attempts to shoehorn itself into the *Shapiro* exception, to no avail. Downtown Brewing argues that it can appeal because the improvement was demolished and, therefore, it is entitled to some money in any event. The *Shapiro* exception does not embrace these circumstances. It applies when a party seeks more than the award it has already received, not less. Downtown Brewing's position on appeal is inconsistent with the acceptance of the award because it is requesting the return of the property, and most of the monies have been disbursed to the lienholders.

Downtown Brewing acquiesced in the judgment of the Circuit Court, thereby waiving its right to appeal.

### *APPEAL DISMISSED, WITH COSTS.*